WHITTED *vs.* THE GOVERNOR, &c:

1. The remedy by *scire facias*, upon a recognizance estreated, is given by statute, and only maintainable upon the supposition that the liability which it seeks to redress is authorised by a legislative act. That hypothesis failing, the defendant cannot be charged.

2. By the act of eighteen hundred and thirty-four,* the legislature have prescribed a warrant to guide the courts in providing for a definite amenability to a judgment, and where that warrant has not been followed, and to the extent to which it is departed from, the act of a court is void.

3. The rule in regard to bonds or other deeds, void in part, by common law, or by statute, is, that they are void as to such conditions, covenants or grants, as are illegal, and good as to all others which are legal and unexceptionable.

4. Where a recognizance recites, that the recognizor freely, voluntarily and of his own will and pleasure, took upon himself the obligation it imposes—the recognizor is estopped from afterwards setting up, in an action by *scire facias* upon the recognizance estreated, that it was extorted from him.

5. A public officer, judicial or otherwise, has no right, under color of his office, to extort from an individual, a bond, as a condition on which he will render to him rights and privileges, he may justly claim.

Error to the Circuit court of Dallas county.

*Scire facias* upon a forfeited recognizance. At the fall term of the Circuit court of said county, eighteen

---

*Aikin's Dig. 2d Ed. 614.

hundred nnd thirty three, the grand jurors drawn, sworn and charged to inquire for the body of the county of Dallas, on their oaths, presented that Peter Maher, on a certain day in the county aforesaid, upon one John Shields, in the peace of the state, then and there being, feloniously, &c. did make an assault, and with a certain knife, which he, the said Peter Maher, in his left had then and there had and held, the said John Shields, in and upon the body of the said John Shields, a little below the navel of him the said John Shields, and on the right arm and left hip of him the said John Shields, then and there feloniously, &c. did strike, stab and cut, with intent in so doing, wilfully and of his malice aforethought, to kill and murder the said John Shields, contrary to the form of the statute in such case made and provided, and against the peace and dignity, &c. And on affidavit, *ore tenus*, of the defendant, the case was continued;—whereupon, the said defendant, and two sureties, acknowledged themslves, to owe and be indebted to John Gayle, governor of the state, and his successors in office, in a certain sum mentioned, to be levied of their goods and chattels, lands and tenements, to be void, on condition that said defendant should make his personal appearance, at the next term, to answer to said bill, and there continue from day to day, until discharged by a due course of law.

And at the spring term of the same court, eighteen hundred and thirty four, came the solicitor who prosecuted, &c. and the defendant: and the defendant said he was not guilty in manner and form as charged in the indictment; whereupon, came a jury, who being elected, &c. to try the issue joined, on their oaths said, they found the defendant not guilty of an assault with intent to murder, but guilty of an assault and battery; and assessed his fine at the sum of two hundred and fifty dollars: It was therefore considered by the court, that the state of Alabama, for the use of

Dallas county, recover against the said defendant, the said sum of two hundred and fifty dollars, the fine so assessed as aforesaid.

Before the case however was put to the jury, the defendant moved the court to quash the indictment, and the proceedings thereon, because, it appeared that the *venire facias* on which the jury were summoned, at the term of the court at which the indictment was found, did not issue under the seal of the court, but was merely subscribed by the clerk in his official character; which motion the court overruled, and referred the question of law thereupon arising, to the Supreme court, &c.

And on the same day came into open court, Peter Maher, in his own proper person, as well as William Whitted his surety, who freely, voluntarily and of their own will and pleasure, acknowledged themselves, jointly and severally, to owe and be indebted to John Gayle, governor of the state of Alabama, and his successors in office, in the sum of five hundred dollars, to be levied of their goods and chattels, lands and tenements, and conditioned, that whereas, the court had, at the instance and by the request of the defendant, referred to the Supreme court, a question of law arising in the progress of said cause, in pursuance of the statute in such case made and provided. Now if the said defendant should appear at the next term of the court, and fully pay, satisfy, and abide by the judgment of the court, then to be rendered in said case, the recognizance should be null and void; otherwise, to be of full force and virtue, if said judgment should be affirmed in the Supreme court, &c.

And on the twelfth day of July, eighteen hundred and thirty four, the case having been argued and examined, the said Supreme court, as it appeared by certificate of the clerk of said Supreme court, considered, that the said judgment of the said Circuit court, should be affirmed, and that the state should recover the costs in the said Supreme court accruing, &c.

And at the fall term of the Circuit court of Dallas county, the said defendant being solemnly called to come into court, and abide the judgment so rendered as aforesaid, in discharge of his said recognizance, came not, but wholly made default; and the said William Whitted, the surety of the said defendant, being also solemnly called to come into court, and bring the body of the said defendant, came not, but also wholly made default: It was therefore considered by the said court, that the said defendant and the said William Whitted, surety as aforesaid, forfeit their said recognizance, and that the state of Alabama, for the use of Dallas county, recover of and from them the said sum of five hundred dollars, the amount of their said recognizance, so forfeited as aforesaid, unless at the next term of said court, they should shew good and sufficient cause why said judgment should not be made absolute; and a *scire facias* was ordered to be issued against each of them, &c. and the cause continued.

A *scire facias* accordingly issued, which was returned executed, and to which there was a demurrer and joinder, and the following pleas pleaded, viz: William Whitted, the defendant for plea said, that there was no such record as that set forth in the *scire facias*, which he prayed might be enquired of by the court; and for a further plea said, that plaintiff ought not to have an action, &c. because, he said, the recognizance varied from that required by statute, in this, that the said recognizance required said Maher, to pay and fully satisfy the said judgment, as well as to appear and abide by the said judgment; and the defendant averred, that the recognizance was extorted and required by said court, as the condition by which said Maher could have the points reserved, adjudicated in the Supreme court, which was the case referred to in said recognizance, and for no other purpose, and that he was ready to verify, &c.

To these pleas there was a replication, viz: plaintiff said there was such a record as that set forth in the *scire facias*, remaining in the office of the clerk of the Circuit court of Dallas county, and this the plaintiff was ready to verify by the record, when, where, and in such manner as the court should order, and prayed, that the same might be seen and inspected. And as to the second plea, plaintiff said the matters therein contained were not sufficient in law to bar or preclude the plaintiff from maintaining his action, and that plaintiff was not bound by the law of the land to answer the same, which he was ready to verify, and for want of a sufficient plea, prayed judgment &c. Plaintiff also showed the following causes of demurrer to the said second plea of defendant, to-wit: that the said plea was double, inasmuch as it contained two distinct allegations, either of which was a bar to the action: first, that the recognizance was variant from that required by statute; and second, that the recognizance was extorted and required by the court, &c. and that the plea was in other respects informal, insufficient, &c.

And at the spring term, eighteen hundred and thirty-five, of the said Circuit court of Dallas county, came the parties, and on the demurrer of defendant to the *scire facias* being argued, it was considered, that said demurrer be overruled; and the matter of law arising upon the demurrer of plaintiff to the pleas of defendant, being argued and perfectly understood by the court, it was considered, that said demurrer of plaintiff be sustained, and the record of said recognizance being seen and inspected by the court, it seemed to the court that there was such a record as the plaintiff in his replication had alleged. It was therefore considered by the court, that plaintiff recover of defendant the sum of five hundred dollars, specified in the recognizance in the said *scire facias* mentioned, and all the costs in that behalf expended, for which

execution might issue, the defendant to be in mercy, &c.

From this judgment there was a writ of error, and at the present term of this court, the plaintiff in error came and assigned for error;

1. The court below erred in overruling defendant's demurrer to the *scire facias.*

2. In sustaining plaintiff's demurrer to defendant's second plea.

3. In rendering judgment against defendant on the plea of *nul tiel record.*

4. The judgment final was variant from the judgment *nisi,* the one describing plaintiff as "John Gayle, Governor, &c." and the other as "the State of Alabama."

*Phillips & Edwards,* for the plaintiff in error.
*Attorney General,* contra.

*Edwards,* for the plaintiff in error, cited 1 Chitty's Pl. 358, to shew that the court below erred, in overruling the demurrer to the *scire facias,* there being no reference in it to the record. The recognizance imposed more onerous terms than the statute prescribed. Acts 1833–'34, p. 36, Aik. Dig. 230: and therefore the court was wrong in sustaining the demurrer to the second plea of defendant below; at any rate, that the recognizance was extorted, was a good defence—5 Peters, 115 ; 7 Cranch, 287. The judgment *nisi* was manifestly variant from the recognizance. The judgment *nisi* was also in favor of the State, but the judgment final in favor of John Gayle, Governor, &c.—6 Bac. Ab. 123 ; 2 Com. Dig. 61, 62. The demurrer to the second plea left it doubtful, if not impossible, that the State could plead over.

*Attorney General,* for the defendant in error, respecting points reserved, referred to the statute of

1834, and as to recognizances—Aik. Dig. new ed. 614. The matter charged to be variant was mere surplus-sage. "To appear and abide the judgment," comprehended "to pay and satisfy." The demurrer to the *scire facias* was therefore properly overruled.

The defendant's second plea was bad, because it was double—7 Wend. 129; 2 Johns. R. 96; 3 Ibid, 315; 10 Ibid, 289. It was not capable of trial, and presented a conclusion of law, and not of fact—6 Mass. 19; 5 Ib. 438; 12 Ib. 506; and blended both law and fact—Gould, 64. The plea also contained an averment against a record—5 Mass. 174; 9 Mass. 532. " Bonds and recognizances are good either to the Governor" or the "State of Alabama"—Aik. Dig. 122, sec. 44. Hence the variance in judgment *nisi*, and final judgment, (if any) was immaterial, and this court could correct the judgment final, if it were merely informal.

COLLIER, C. J.—The plaintiff was sued by *scire facias* upon a forfeited recognizance. From the record, we learn that Peter Maher, was convicted in the Circuit court of Dallas, of an assault and battery—that pending his trial, certain questions of law arose, which being decided against him, were referred to this court, as novel and difficult. With the view to obtain their reference for the opinion of the court, Maher, with the plaintiff as his surety, entered into a recognizance, (as it recites,) "freely, voluntarily, and of their own will and pleasute," payable to the Governor, in the sum of five hundred dollars: conditioned in the event of an affirmance of judgment, that Maher should appear at the then next succeeding term of the Circuit court, "and fully pay, satisfy and abide by the judgment of the court" then rendered. The form of the recognizance is brought to our view by the *scire facias*, and the second plea of the plaintiff in error, both of which were demurred to. To the former, the demurrer was overruled,

and to the latter, sustained; and thus sufficient matter being furnished on which to form an opinion decisive of the case, it will be unnecessary to look farther into the record.

In this aspect of the case, two points have been made by the plaintiff: 1. That the condition of the recognizance is variant from the statute under which it was taken, and consequently does not warrant a recovery. 2. That his plea that the recognizance was extorted by the judge of the Circuit court, *colore officii*, was good in law, and should have been sustained.

1. By the first section of the act of 1834, "the more effectually to secure the administration of justice in criminal cases," it is enacted "that it shall be the duty of the judges of the Circuit courts of this State, whenever a conviction shall be had in any criminal case, and points reserved as novel and difficult, for the decision of the Supreme court, to proceed and render judgment on the conviction; but the execution of the judgment shall be suspended in cases not capital, until the next succeeding term of the Circuit court rendering the judgment, and the defendant shall be recognized, with good and sufficient securities, to there appear and abide the judgment so rendered." This statute authorizes the court to require sureties to "appear and abide the judgment,"— not to "fully pay, satisfy and abide" by it. The act of the Legislature imposes upon a defendant the duty of awaiting or submitting to, while the recognizance greatly extends the obligation of himself, and of consequence, his surety. In thus adding to their undertaking, a stipulation not enjoined by the statute, the Circuit court went beyond its legitimate authority, and, in doing so, prejudiced the interests of the surety. Had the recognizance conformed to the statute, it would have been competent for Maher, the principal, to have satisfied it, by appearing and availing himself of the laws for the benefit of insolvent debtors, but its terms make it necessary for the relief of the surety, that he should actually pay it. The legislature have prescribed a warrant by

its act, to guide the court in providing for a defendant's amenability to the judgment. This warrant has not been followed, and to the extent to which it was departed from, the act of the court is void. The remedy which has been adopted, is given by statute, and only maintainable upon the supposition that the liability which it seeks to redress, was authorized by a legislative act; this hypothesis failing, the plaintiff in error cannot be charged in the present proceeding.

2. We are satisfied that no public officer, no matter to what branch of the government he may belong, has a right, by color of his office, to extort from an individual, a bond, as a condition on which he will render to him the rights and privileges he may justly claim by law—*United States vs. Tingey.** But without examining the plea of the plaintiff, in which this defence is set up, we are of opinion that the terms of the recognizance estop him from interposing such a defence. It recites that Maher and the plaintiff "freely, voluntarily, and of their own will and pleasure," took upon themselves the obligation it imposes. Here is an acknowledgment of record, and according to the well settled rule that a record cannot be gainsayed, operates as an estoppel upon the plaintiff. That this rule, like all others, has its exceptions, we are aware; yet the plaintiff's plea does not come within any one of them.

In regard to the recognizance, it may be proper to remark, with a view to ulterior proceedings, that the distinction which is supposed once to have obtained between bonds void in part, by common law, and by statute, is no longer recognized. The true rule, in regard to each, is, that bonds or other deeds are void as to such conditions, covenants or grants as are illegal; and good as to all others which are legal and unexceptionable in their purport. If, however, the illegality was for something *malum in se*, or if the statute has not confined its

---

* 5 Peters' R. 115.

prohibitions to the illegal conditions, covenants or grants; but has expressly, or by necessary implication, avoided the whole instrument, to all intents and purposes, then there could be no recovery upon any part of it—*United States vs Bradley.** Here the excessive condition is merely illegal, and does not vitiate so much of the recognizance as is authorized by the statute. So, that if the legal condition was not performed, it would be competent to maintain an action for its breach.

The judgment must be reversed.