JAMES S. ANDERSON *vs.* ANNA MUNCH.

August 31, 1882.

**Sluice-Dam—Duties of Owner.**—The owner of a sluice-dam across a stream, erected, maintained, and operated under a license granted by the board of county commissioners, pursuant to Gen. St. 1878, *c.* 32, title 8, is not required by statute to perform the labor of conducting or driving logs, timber, or lumber through the sluice-way. This is no part of the "operation" of the dam within the meaning of the statute.

**Statutory Bond—Unauthorized Conditions held Void.**—The statute gives the board of county commissioners no authority to take a bond from the licensee requiring him to conduct or drive logs, timber, or lumber through the sluice-way; and if they should take a bond containing such a condition, it would not be a *statutory* condition, and hence would be void, and would not inure to the benefit of third persons, or give them any right of action for its non-performance.

The plaintiff, in his complaint, alleges that on March 24, 1879, the board of county commissioners of Pine county granted to defendant, for six years, a license to maintain a certain dam across Snake river in that county for the sluicing of logs, and that, in pursuance thereof, and the conditions imposed by the board, and the statute in such case provided, the defendant on June 3, 1879, executed and delivered to the board a bond with sureties, which was duly approved by the board

and filed, and a copy of which is annexed to the complaint, and contains among other conditions the following: "First. That she will sluice or cause to be sluiced any and all logs, lumber or timber with all reasonable dispatch."

The plaintiff further alleges that during the winter of 1880–81, about 12,000,000 feet of pine saw-logs were cut and banked by him on the Snake river and its tributaries, and about 15,000,000 feet by other persons; that, in consideration of a stipulated sum per thousand feet, the plaintiff contracted to and did drive these last-mentioned logs, with his own, in one drive from the places where they were banked, down the Snake and St. Croix rivers, and to the boom at Stillwater; and that the defendant's obligation to sluice logs driven to the dam, without cost to the owners thereof, was taken into account and entered into the consideration, in his agreement to drive the 15,000,000 feet of logs, and in fixing the price therefor. That, when his drive arrived at the dam, on June 27, 1881, he paid defendant the toll allowed her, and notified her that all the logs in the drive were ready to be sluiced through the dam, and requested her to sluice them; but that the defendant never made any attempt to sluice, nor assisted in sluicing, any of the logs in the drive, but refused to do so, to plaintiff's damage in the sum of six cents for each thousand feet in the drive; and that, in order to get his drive through the dam, and thence to the boom, the plaintiff was compelled to and did sluice all the logs in the drive at his own cost, being at the rate of six cents per thousand feet, and amounting to $1,620.

The complaint, for a second cause of action, alleges an intermingling of plaintiff's drive with other drives, caused by defendant's refusal to sluice his logs, and damages resulting therefrom to the amount of $1,080, and prays judgment for $2,700, with interest and costs.

The defendant, in her answer, avers, among other things, that when the plaintiff's drive arrived at the dam "she opened the gates of said dam, and that all needful facilities and assistance and services were duly afforded and rendered in due time and within three days by said defendant in sluicing said logs through said dam, and that they were all thereby and by said defendant sluiced through said dam

in due time." She further alleges a general custom in sluicing logs, known to plaintiff, "whereby the owner or persons employed by him in charge of the drive manages the drive in directing it into the sluiceway; and that said plaintiff, in accordance with said custom and usage, voluntarily and of his own accord, to some extent, managed his said drive in so directing the same, but that said plaintiff did not sluice any of said logs."

The plaintiff, in his reply, denies each and every allegation in the answer, "in any way inconsistent with the allegations of the complaint, or in any way contradictory thereof."

The defendant moved, in the district court for Ramsey county, for judgment on the pleadings. The motion was granted by *Brill*, J., judgment was entered accordingly, and the plaintiff appealed.

*J. N. & I. W. Castle*, for appellant.

*H. J. Horn* and *J. M. Gilman*, for respondent.

MITCHELL, J. The defendant constructed, maintained, and operated a "sluice-dam" across Snake river, in Pine county, under a license of the board of county commissioners of that county, granted pursuant to the provisions of Gen. St. 1868, c. 32, tit. 8. The plaintiff brought this action against the defendant to recover damages sustained by the alleged failure of the defendant to perform her duty in regard to the sluicing of plaintiff's logs through the dam. The court below ordered judgment for defendant upon the pleadings, and from that judgment plaintiff appeals. As we understand and interpret the pleadings, no fault is found with the construction, management, or operation of the dam by the defendant, but the complaint is that the defendant did not perform the manual labor of conducting or driving plaintiff's logs through this sluice-dam. There being no contract between the parties in relation to the matter, the simple question is, was the defendant required to do so under the statute?

We think not. The nature and purpose of a sluice-dam is clearly indicated by the statute. It is for the purpose of utilizing the water of a stream by raising a head sufficient to float logs and lumber over obstructions and shoal places down to the dam; and then, by letting it out, flood the stream below so as to carry the logs down to their destination. It is constructed with a sluice-way, or opening, for the

passage of logs. When logs are not passing, it is closed to collect the water above; and, when logs come down and are desired to be passed through, it is opened to let them out, together with sufficient water to carry them down stream. The owner of the dam has nothing to do with the handling of the logs. He simply operates the dam. The logs are never in his possession, and he has no control over them, except by virtue of a lien for tolls. It is not like a boom. The object is simply to facilitate the driving of the logs by their owner, and enable him to get them over rapids and shoal places. He has charge of his own logs all the time, and must himself drive them into and through the sluice-dam, as well as down the stream below. *The operation of the dam*, about which the county commissioners may impose "further special conditions," consists in controlling the water by means of the dam and in opening the sluice-way for the passage of logs when wanted. "To sluice" and "sluicing," as used in the statute, so far as applied to the owner of the dam, mean simply opening the gates or sluice-way for logs, lumber, and timber. The words "sluice" and "sluicing" are used in this sense, and not in the sense of applying manual labor upon the logs or timber in driving them through the sluice. The owner of the dam has no more to do with this than has the keeper of a toll-gate with leading or driving cattle or teams through the gate. The statute, therefore, in our judgment, affords no support to the plaintiff's cause of action.

It is contended, however, that the conditions of the bond given by defendant to the board of county commissioners obligate her to perform the labor of driving the logs through the sluice-way. The clause in the bond mainly relied upon,—to wit, "that she will sluice, or cause to be sluiced, any and all logs, lumber, or timber, with all reasonable dispatch,"—may, we think, be construed so as to accord with the statute, and as importing no more than that she will operate the dam so as to allow the passage of all logs, etc., with reasonable diligence. But, if it assumes to obligate the defendant to *drive* the logs through the sluice-way, it is a condition which the county commissioners had no more right to impose upon defendant than they had to require the log-owner to pay toll before his logs were sluiced. The county board had no power to require or take a bond which required

the performance of anything not appertaining to the *construction, maintenance,* and *operation* of the dam. Interpreted as plaintiff claims, it would not be a statutory condition, and could not, therefore, inure to his benefit. The case does not present the question of the validity of a bond *similarly* conditioned to that required by statute, but not executed in the manner or form required by law. Such bonds have been often held good as common-law obligations, although defective in form as statutory bonds. But it would be a case of a statutory bond, with a condition superadded to those required or authorized by statute, and which must, therefore, be rejected as void and illegal. *Polk* v. *Plummer,* 21 Tenn. (2 Humph.) 500; *United States* v. *Bradley,* 10 Peters, 343.

Judgment affirmed.