PROBATE COURT OF CENTRAL FALLS *vs.* JOHN F. ADAMS *et al.*

PROVIDENCE—MARCH 31, 1905.

PRESENT: Douglas, C. J., and Dubois, J.

(1)   *Executor and Administrator.   Bonds.   Suggestion of Waste.*

Gen. Laws cap. 218, § 24, providing that no executor or administrator shall be personally charged for the debts of the testator except upon suggestion of waste, has no application to an action brought upon the bond given by an executor to pay debts and legacies.

(2)  *Bonds.  Bond to Pay Debts and Legacies.*

The obligation under a bond given by an executor to pay debts and legacies is absolute, and so no suit is required to establish the duty.

(3)  *Bonds.  Effect of Surplus Conditions in Bond.*

A statutory bond given by an executor to pay debts and legacies is not invalidated as to its lawful provisions by an unnecessary condition therein not required by the statute.

DEBT ON BOND.  Heard on demurrer to defendants' pleas, and demurrer sustained.

DOUGLAS, C. J.  This action is brought upon the bond referred to in *Adams* v. *Probate Court*, 26 R. I. 239.  To the declaration the defendants filed, besides the plea of *non est factum*, six special pleas, to which the plaintiff has demurred.

(1)  The second plea claims the benefit of section 24 of chapter 218 of the General Laws, and avers that in this action there is no suggestion of waste.

The obvious answer to this plea is that this is not an action to recover a debt of the testator or a legacy under his will, but the penalty of a bond given as an independent obligation by the defendants.  The statute cited relates to suits brought against an executor to recover debts or legacies out of the estate.  In such suits neither his body nor his goods are answerable unless he has committed waste.  In this suit he has made himself personally liable by the terms of his bond.

The third plea avers that the principal defendant is ready and willing to appropriate such assets of the estate as he has to the payment of the legacies given in the will.

We have already decided, in the suit in equity, that such is not the legal condition of the bond.

(2)  The fourth plea alleges that the plaintiff is a legatee under the will and has not obtained judgment against the principal defendant before bringing this suit.

We have already held, in the suit in equity, that the obligation under this bond to pay legacies is absolute, and so no suit is required to establish the duty; and the amounts of the legacies are fixed by the will.

The fifth plea is a repetition of the averment of the second.

(3)    The sixth and seventh pleas aver that the bond sued upon is not in statutory form and the Probate Court had no jurisdiction to accept it by reason of the clause requiring an account.

One requirement of the conditions of the bond is to render an account when thereunto lawfully required. This may be construed to mean an account of his payment of debts and legacies, not the ordinary account of his administration of the estate; or it may be considered as inserted with no definite general application, and in this case as simple surplusage. In neither case is it effectual to invalidate the lawful provision in the condition of the bond that the obligor should pay the debts and legacies of the testator.

The statute provides that a residuary legatee may give a bond with such a condition, and whatever else he has bound himself to, he has, at any rate, bound himself to the condition which the law permitted him to undertake.

Aside from the provisions of Gen. Law, cap. 220, § 3, which we considered in the opinion in *Adams* v. *Probate Court, supra,* the principle is well settled that unnecessary or illegal conditions in a bond voluntarily given will have no effect upon good conditions which are contained in the same bond, provided they can be separated from the illegal or surplus clauses, unless such bond is made void by express provision of a statute. 5 Cyc. 750, J. 2, and cases cited.

In *U. S.* v. *Bradley,* 10 Pet. 35 U. S. 343, at p. 363, Story, J., says: "A bond may, by mutual mistake or accident, and wholly without design, be taken in a form not prescribed by the act. It would be a very mischievous interpretation of the act to suppose, that under such circumstances it was the intendment of the act that the bond should be utterly void. Nothing, we think, but very strong and express language should induce a court of justice to adopt such an interpretation. Where the act speaks out, it would be our duty to follow it; where it is silent, it is a sufficient compliance with the policy of the act, to declare the bond void, as to any conditions, which are imposed upon a party, beyond what the law requires. This is not only the dictate of the common law, but of common sense."

In the case of *U. S.* v. *Hodson et al.,* 10 Wall. 395, affirmed in

*U. S.* v. *Mora,* 97 U. S. 422, the court, in construing a revenue bond in which the condition was more comprehensive than the statute prescribed, says: "It is a settled principle of law that where a bond contains conditions, some of which are legal and others illegal, and they are several and separable, the latter may be disregarded and the former enforced."

Of the many cases which support this proposition we may refer to Massachusetts cases cited in *Sweetser* v. *Hay,* 2 Gray, 49, 52; *Newman* v. *Newman,* 4 M. & S. 70; *Ohio* v. *Findley,* 10 O. 51, construing a treasurer's bond; *State, use of Hazzard,* v. *Layton,* 4 Harr. 512, administrator's bond; *Dist. Columbia* v. *Waggaman,* 4 Mackey, 328, license bond; *Whitted* v. *Governor,* 6 Porter, 335, recognizance; *Speck* v. *Com.,* 3 W. & S. 324, collector's bond; *Vroom* v. *Executors of Allen Smith,* 14 N. J. L. 479, administrator's bond. In the latter case the court say (p. 484): "Admitting that so much of the condition as required the administrator to exhibit an inventory in the surrogate's office is bad, it does not follow that the whole bond is void," and then continues, citing Justice Pennington in *Nottingham* v. *Giles,* 1 Penn. 120: "A bond may be good in part and bad in part, and the court will support the good, and reject the bad part. It must, however, be a case in which the court can separate the good from the bad, as where there are several independent conditions, one, or some of which are in conformity to the statute, and others not; in such case the good may be supported and the bad rejected. And it makes no difference, whether the bond is taken under a statute or at common law, unless the statute contains a prohibitory or nullifying clause," and concludes, "It is sufficient for the settlement of this demurrer, without deciding that, that part of the condition, which requires the inventory to be filed in the surrogate's office, is bad, to say that there are other distinct and independent conditions which are good, and therefore the bond must be supported."

The demurrers to the several pleas must be sustained, and these pleas are overruled and the cause remitted to the Common Pleas Division for further proceedings.

*Littlefield & Barrows,* for plaintiff.

*Edwards & Angell,* for defendants.