DANA W. HALL v. DAVID W. PARSONS.[1]

July 10, 1908.

Nos. 15,757—(101).

**Breach of Contract—Counterclaim.**

A cause of action for damages for breach of contract, arising simultaneously and concurrently with the commencement of an action, may be interposed as a counterclaim therein.

**Same.**

Plaintiff entered into a contract by the terms of which he agreed with defendant not to bring suit upon a promissory note held by him against defendant within a certain time. In violation of the contract he thereafter brought an action upon the note before the expiration of the time. *Held*, that the breach of contract and resulting damages, if any, might be interposed as a counterclaim in the action.

**Sufficiency of Answer.**

The answer construed, and *held* to show a valid contract based upon a valuable consideration, and to otherwise state facts sufficient to constitute a cause of action against plaintiff.

Action in the district court for Hennepin county to recover $3,000 upon a promissory note. Defendant interposed as a counterclaim a claim for damages for the breach of a contract by the terms of which

1 Reported in 117 N. W. 240.

plaintiff had agreed not to sue upon the note within a certain time, and that the beginning of this action was the breach thereof. From an order, Simpson, J., overruling plaintiff's demurrer to defendant's amended answer, he appealed. Affirmed.

*Fred W. Reed* and *Fifield, Fletcher, Larimore & Fifield,* for appellant.

*Parsons & Bowler,* for respondent.

BROWN, J.

This action was brought to recover upon a promissory note theretofore made and delivered to plaintiff by defendant for the sum of $3,-000, which fell due in July, 1905. Defendant interposed as a counterclaim a claim for damages for the breach of an alleged contract, made and entered into by the parties, by which plaintiff for a valuable consideration agreed not to bring suit on the note before February 10, 1908. If the contract was made, it was violated by plaintiff, for the action was brought in November, 1907. Plaintiff interposed a general demurrer to the counterclaim, and appealed from an order overruling it.

The answer alleges, in substance, among other things, that on August 15, 1907, plaintiff was the holder of a mortgage upon certain real property situated in the city of Minneapolis, securing the payment of $2,500; that the property was incumbered by taxes and tax liens to such an extent that the mortgage was of little value as security; that on and prior to the date mentioned defendant had entered into certain provisional contracts with the owner of the property, one Shepley, who was also plaintiff's mortgagor, under which defendant was to acquire title to the property in consideration of the performance by him of certain things affecting the same, viz., to clear the title of all incumbrances, liens, and taxes, to erect a building thereon at his own cost, and to protect the interest of Shepley from a forfeited tax sale to be held in November, 1907. It also alleges that, in view of the contract and agreement with Shepley, defendant had entered into another provisional contract for the erection of the building and to lease the same when completed to the Northern Fire Apparatus Company. It further alleges that defendant laid before plaintiff the facts stated, and informed him of the contracts referred to, under which defend-

105 M.—7

ant had agreed to clear the title to the land and construct the building thereon, and also informed him that it would be necessary, to enable defendant to carry out his contracts, to borrow large sums of money to pay and discharge maturing obligations incurred in their performance. It further appears that the performance of his contract with Shepley and clearing the title to the property would have enhanced the value of plaintiff's security under his mortgage. It alleges that after defendant advised plaintiff "of the foregoing facts," and in consideration of defendant's undertaking such contracts, plaintiff promised and agreed with defendant (1) not to bring suit or take any other action to enforce the payment of defendant's note, the one in suit, before February 10, 1908, and (2) to sell and transfer to defendant the Shepley note and mortgage and to surrender defendant's fully paid in consideration of $6,000, $3,000 to be paid as soon as the title to the property was perfected, and $3,000 on or before February 10, 1908, at which time defendant's note was to be surrendered. It then alleges that in reliance on this agreement defendant proceeded with the performance of his contract with Shepley, and expended large sums of money in the construction of a building, making improvements, and in perfecting the title and protecting the interests of Shepley in and to the property, of all of which, the answer alleges, plaintiff was fully advised. It further alleges that plaintiff subsequently took various steps with the purpose of embarrassing and hindering defendant, and that finally, on November 18, 1907, he expressly violated the terms of his contract with defendant by bringing this action; the agreement being that no action should be brought before February 10, 1908, by reason of which defendant was greatly embarrassed in the performance of his contract with Shepley and the Northern Apparatus Company, and was unable to complete the same to his damage in the sum of $25,000. Damages are alleged in general terms.

Two principal points are made in support of the contention that the allegations of the answer are insufficient to constitute a valid counterclaim: (1) That the contract relied upon is void for want of consideration; and (2) that the cause of action made the basis of the counterclaim, viz., the breach of the contract by commencing this

action, did not exist at the time of its commencement, and is therefore not a proper counterclaim under the statute. Neither contention is well founded.

1. The answer is entitled to a fair and liberal construction, and to be aided and supported by every reasonable inference and intendment, and though in some respects indefinite, as against the demurrer, sufficiently states a cause of action. That it shows a valuable consideration for the contract is, within the authorities, clear. Fairly construed, it alleges that defendant was about to enter upon the performance of certain contracts for the purpose of perfecting the title to and improving the property upon which plaintiff held a mortgage for $2,500, the performance of which would necessarily enhance the value of plaintiff's security. It alleges that defendant could not proceed with the improvements if embarrassed by suit upon his note to plaintiff. It also appears that plaintiff agreed to assign and transfer his mortgage upon the property to defendant, defendant to pay therefor, as already stated, $3,000 at one time and $3,000 at a later date, in consideration of all of which plaintiff promised and agreed not to bring suit upon this note until February 10, 1908. That there was a benefit moving to each party by the terms of the contract cannot be doubted. Plaintiff's security was to be improved, he was to sell his mortgage against Shepley to defendant, and defendant was to pay for the same. Here were mutual promises and obligations, perfectly valid and enforceable, and constituting a valuable consideration within the meaning of the law. See note to Hamer v. Sidway, 12 L. R. A. 463.

2. The second contention presents a more serious question, but does not, we think, require extended discussion. Our statutes (section 4131, R. L. 1905) provide that a counterclaim must be an existing one in favor of the defendant and against the plaintiff, and (1) arise out of the contract or transaction made the foundation of the complaint, or (2) if the cause of action set up in the complaint arises in contract, another cause of action in defendant's favor arising also in contract and "existing when the action was begun." There is no question but that defendant's alleged counterclaim arises in contract. The only doubt is whether it existed, within the contemplation of the

statute, when the action was commenced. The bringing of the action constituted the breach of contract made the basis of the counterclaim, and no right of action arose in defendant's favor until that time; but it arose concurrently with plaintiff's act in bringing the suit, and may fairly be said to come within the meaning of the statute and to have existed "when the action was begun."

The object of the statute in permitting the interposition of counterclaims is to prevent a multiplicity of suits and to enable parties to litigate their controversies, so far as possible or consistent with the orderly administration of justice, in a single action, and by holding that a cause of action for breach of contract, arising simultaneously and concurrently with the bringing of an action, may be interposed as a counterclaim therein, we but give effect to the policy of the law and without intrenching upon any substantial right of plaintiff. Of course, the counterclaim must exist as an independent cause of action when plaintiff's action is commenced, as contended; but, unless we are to indulge in technical measurements of time, the counterclaim in the case at bar existed as an independent cause of action at that time. Defendant could have brought an action for the breach of the contract not to sue the moment plaintiff placed his papers in the hands of the sheriff for service, for the statute declares that an action is deemed to have been then commenced. So that prior to the service of the summons defendant had an existing right of action against plaintiff.

The case is wholly unlike those cited by appellant, wherein it is held that damages for the wrongful levy of an attachment cannot be interposed as a counterclaim in the action in which the writ issued; for there clearly the right to damages for the wrongful levy does not arise until the levy in fact is made, which usually occurs a considerable time after the action is commenced. Here the counterclaim arose concurrently with the bringing of the action, and for all practical purposes, dismissing refinements and technicalities, existed when the action was commenced.

Appellant also cites authorities to the proposition that, where the holder of a promissory note makes a valid agreement after its maturity not to sue thereon for a specified time, such an agreement can-

not be pleaded in bar of an action brought within the time and in violation of the agreement. Berry v. Bates, 2 Blackf. (Ind.) 118; Williams v. Scott, 83 Ind. 405; Chandler v. Herrick, 19 John. (N. Y.) 129. In that situation the authorities cited hold that the remedy is not a plea in bar to the maintenance of the action, but an action for damages for the breach of the contract. Such is not, however, the law in this state. An agreement to extend the time of payment was held a valid defense in Lyman v. Rasmussen, 27 Minn. 384, 7 N. W. 687. But the rule invoked has no application to the case at bar. Here the counterclaim is not pleaded in bar of plaintiff's right to sue; but, on the contrary, in line with the authorities referred to, defendant interposes a claim for damages by way of counterclaim.

We need not enter into a consideration of the question concerning the damages defendant may recover. The recovery, under the general rule in breach of contract cases, extends to all such damages as resulted approximately and necessarily from the breach, or, as otherwise expressed, such as may reasonably be supposed to have been contemplated by the parties when the contract was made. The allegations of the answer, as against the demurrer, bring the counterclaim within the rule. It is very probable that the amount claimed, $25,000, will be materially reduced on the trial; but in the absence of the evidence we can do no more than say that the allegations of the answer show a right to recover a substantial amount. Whether the evidence will sustain the allegations thereof is another question.

This covers all questions requiring special mention, and our conclusion is in harmony with that reached by the learned trial judge, and his order in the premises is affirmed.