KARL WESSEL v. WESSEL MANUFACTURING COMPANY.[1]

November 6, 1908.

Nos. 15,688—(12).

**Complaint—Demurrer.**

    Complaint in an action to recover damages for an alleged breach of contract, *held* to state a cause of action for at least nominal damages, and an order overruling a general demurrer thereto is affirmed.

Action in the district court for Ramsey county to recover $16,396.-70 for breach of contract. Subdivision 13 of the contract provided that in case of delay on defendant's part in equipping the plant for manufacturing, the period of such delay shall be calculated as part of the period for which an option to purchase the invention was given.

[1] Reported in 118 N. W. 157.

Subdivision 21 provided that in case defendant should not exercise the option to purchase, the trustees named to hold the patent rights were to assign them to the plaintiff or to the person named by him. From an order, Olin B. Lewis, J., overruling defendant's demurrer to so much of the complaint as is alleged for the fourth cause of action, it appealed. Affirmed.

*Durment & Moore, Arthur Christofferson,* and *J. A. A. Burnquist,* for appellant.

*Stiles W. Burr,* for respondent.

BROWN, J.

Appeal from an order overruling defendant's general demurrer to plaintiff's fourth cause of action. It appears from the complaint that, some time prior to the transaction here involved, plaintiff had invented a mechanical device for spinning grass twine for use in the manufacture of grass matting. No patent had been issued to him, but application therefor had been made to the Patent Office of the federal government and it was expected to be issued in the due course of procedure. He had constructed two of his machines, which were ready for operation, and by the terms of the contract here in litigation he agreed to construct three other machines for use by defendant in the performance of its part of the contract alleged to have been violated.

The complaint, fairly construed, alleges in substance and effect, after setting out the foregoing facts, that in consideration of defendant's agreement to construct and equip a plant for the manufacture of grass twine matting, and to install therein and operate and test for the period of one year plaintiff's said machines, with a view to determining whether they were of practical utility, and other considerations not necessary to mention here, as they concern other causes of action set up in the complaint, plaintiff gave defendant an option to purchase the patent right, if the machine was found useful at the end of the trial period. Defendant agreed to pay therefor the consideration stated in the contract, and to construct and equip the plant without unreasonable delay. The complaint further alleges that plaintiff fully performed his part of the contract, constructed and tendered to defendant the machines for use in the plant, but that some time after the

contract was entered into defendant repudiated it and notified plaintiff that it would no longer recognize the same or be bound thereby, and it would not perform or comply with the conditions of the same. Other facts are stated in the complaint, but in the main they apply to the other causes of action. This cause of action closes with the general allegation that by reason of defendant's refusal to perform the contract plaintiff has suffered damage in the sum of $10,000. The contract is also attached to and made a part of the pleading.

The complaint is entitled, as against the demurrer, to a liberal construction. The demurrer admits all facts well pleaded and also such inferences as may legitimately be drawn therefrom. So construing it, in connection with the terms and provisions of the contract, we have no difficulty in holding that it states a cause of action for a breach of the contract entitling plaintiff at least to nominal damages. The mutual agreements and undertakings of the parties, the consideration moving to each, and the default of the defendant are all sufficiently alleged and set forth. Alger-Fowler Co. v. Tracey, 98 Minn. 432, 107 N. W. 1124; Hall v. Parsons, 105 Minn. 96, 117 N. W. 240. The contract made a part of the complaint, fairly construed, sustains plaintiff's theory of the action, and that the option given defendant to purchase the patent was in part at least the consideration for defendant's promise and agreement to construct and equip the plant and test the utility of the machines. As was remarked in the Hall case, above cited, we need not enter into a consideration of the question of damages. Plaintiff's recovery will be limited to such damages as resulted approximately and necessarily from the breach complained of, or, as otherwise expressed, such as may reasonably be supposed to have been in the contemplation of the parties when the contract was entered into. In the absence of the evidence we can do no more than say that the complaint shows a right of recovery. The amount thereof we cannot speculate upon, nor can we discuss the possible grounds upon which a substantial recovery might be had. And, though it is somewhat difficult, in view of the fact that it had not been demonstrated at the time the action was commenced whether plaintiff has a valuable machine, one of practical utility, to see a basis for a large verdict, or any verdict at all in excess of a nominal amount, a right to a verdict for any amount is sufficient to uphold the order of

the trial court sustaining the sufficiency of the complaint. Beaulieu v. Great Northern Ry. Co., 103 Minn. 47, 114 N. W. 353.

We do not concur in the point made by defendant that subdivisions thirteen and twenty one of the contract fix plaintiff's exclusive remedy for defendant's failure and refusal to perform. The stipulation there found, properly construed, amounts to a mere option, to be resorted to or not, as plaintiff prefers.

Order affirmed.