## FAIRMONT CEMENT STONE MANUFACTURING COMPANY v. CYRUS E. DAVISON and Others.[1]

July 25, 1913.

Nos. 18,100—(148).

**Pleading — complaint.**

1. A complaint, to be bad on demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained, however inartificially the facts may be stated.

**Judicial ditch — engineer's bond — pleading breach.**

2. The statute required the contract for construction of a ditch to provide for supervision thereof, and to define the relations between the county

---

1 Reported in 142 N. W. 899.

and the contractor. It also required the engineer to stake out the work, to prepare plans and specifications therefor, to inspect the work as provided in the contract, and to give bond for the proper performance of his duties. The complaint alleged that it was the duty of the engineer to give the contractor all necessary direction for the construction of each and every part of the work; and that solely through his negligence a large quantity of underground tile, laid as directed by him, was placed at such an incorrect grade that it was necessary to take it up and relay it. From the statute and the complaint it will be inferred, as against a demurrer, that the duty to supervise the laying of the tile and to see that it was placed at grade was imposed upon the engineer by the contract, and hence that his failure to perform such duty was a breach of his bond.

**Statutory bond — how construed.**

3. A statutory bond containing the statutory condition and also other conditions will be so construed as to give effect to the statutory condition, unless the language of the bond precludes such construction.

Action in the district court for Martin county against defendant Davison, and the sureties upon his official bond as engineer in the construction of a certain judicial ditch, to recover $671.45. From an order, Quinn, J., overruling defendants' demurrer to the complaint, they appealed. Affirmed.

*Dean & Palmer* and *J. W. Seager,* for appellants.

*Albert R. Allen,* for respondent.

TAYLOR, C.

Appeal by defendants from an order overruling a demurrer to the complaint.

"The general rule is that a complaint, to be bad on demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, however inartificially the facts may be stated, the complaint will on demurrer be sustained." Casey v. American Bridge Co. 95 Minn. 11, 103 N. W. 623, 624; Wessel v. Wessel Mnfg. Co. 106 Minn. 66, 118 N. W. 157; Vukelis v. Virginia Lumber Co. 107 Minn. 68, 119 N. W. 509; Rasmussen v. Town of Hutchinson, 111 Minn. 457, 127 N. W. 182.

In proceedings in the district court of the county of Martin under chapter 448, page 641, Laws of 1907, a judicial ditch was established

and designated as judicial ditch No. 6. Plaintiff is the contractor who constructed the ditch. Defendant Davison is the engineer appointed in the ditch proceeding, and the other defendants are the sureties upon his bond as such engineer. A copy of the bond is made a part of the complaint.

Under the statute, it was the duty of the engineer to make a survey and plat of the ditch and plans and specifications therefor, and place stakes 100 feet apart along the course thereof, (sections 3 [p. 643] and 5 [p. 650]); also to give, in tabular form, the depth of cut and the width at top and bottom, "at the source and outlet and at each one hundred foot stake or monument of said ditch" (section 3, p. 647); also to "report a form of contract as complete in its provisions as practicable and which contain detailed and complete specifications by direct statement, or by reference to other parts of the report, and shall provide for all necessary supervision of the laying of tile, excavation and other construction work of the contractor or contractors, and which shall define the relation which shall exist between the county and the contractor or contractors, and which shall give the engineer the right with the consent upon application and order of the court therein, to modify his plans and specifications as the work proceeds, and as circumstances may require" (section 3 [p. 648]); also "to inspect the laying of tile, excavation and all other work of construction from time to time as provided for in the specifications and provisions in his report, and as provided for in the contract for construction" (section 17 [p. 662]).

While in some of its statements the complaint is not as clear and certain as it might be, it alleges that plaintiff contracted to construct the ditch "according to the plans and specifications" of the engineer; and that it was the duty of the engineer to establish the grade line and stake out the work so that plaintiff could lay the tile to grade, and "to give to the plaintiff all necessary and proper direction for the construction of each and every part of the work provided for in said contract."

The complaint further alleges in substance and with sufficient certainty as against a demurrer, that plaintiff laid 6,900 feet of underground tile under the supervision of and as directed by the engi-

neer; that, solely through his negligence, the tile was not laid at the proper grade, and for that reason plaintiff was compelled to take it up and relay it; that plaintiff took up the tile and relaid it under the supervision of and exactly as directed by the engineer; that the engineer failed to establish "the proper grade the second time that said tile were laid," and solely by reason of his negligence 5,000 feet of the tile relaid was not placed at the correct grade, and solely for that reason plaintiff was again compelled to take it up and again relay it.

Plaintiff seeks to recover from the engineer and his sureties, as damages, the expense incurred in taking up and relaying the tile.

Neither the contract nor the plans and specifications for the ditch are before us, and the duties imposed upon the engineer thereby must be determined from the provisions of the statute and the somewhat meagre statements relating thereto contained in the complaint. The statute requires the contract to "provide for all necessary supervision of the laying of tile," and to "define the relation which shall exist between the county and the contractor," and requires the engineer "to inspect the laying of tile * * * from time to time as provided for in the * * * contract." The complaint alleges that it was the duty of the engineer not only to establish the grade line and stake out the work, but "to give to the plaintiff all necessary and proper direction for the construction of each and every part of the work."

The allegations of the complaint construed in the light of the statute are sufficient, as against the demurrer, to justify the inference that the contract imposed upon the engineer the duty to determine the grade at which the tile should be placed, to point out such grade to the plaintiff as the work progressed, and to supervise the laying of the tile and see that it was placed at such grade.

The statute is broad enough to authorize the insertion in the contract of provisions imposing such duties upon the engineer, and if such duties were in fact imposed upon him the complaint states a cause of action upon his bond for failure to perform them.

2. It is insisted that under the conditions of the bond the sureties are not liable for the failure of the engineer to perform his duties

pertaining to the work of construction, but only for his failure to perform his duties in surveying the ditch and in reporting such survey.

The statute requires the engineer to give a bond payable to the county for "the use of such county" and also "for the use of all parties who may show themselves to be aggrieved or injured by any negligence or malfeasance on his part in acting as such engineer, * * * conditioned that he will, diligently, honestly, and to the best of his skill and ability, perform his duties as such engineer."

The bond in controversy is entitled:

"State of Minnesota,⎱ ss.:
"County of Martin.  ⎰

District Court,

Seventeenth Judicial District.

"In the matter of the Judicial Ditch Proceeding now pending in Martin County, Minnesota, and known as Judicial Ditch No. Six (6), under Chapter 448 of Laws of 1907."

It is payable to the county of Martin, "for the use of said county and of all parties who may show themselves aggrieved or injured by any negligence or malfeasance on the part of said principal as engineer as hereinafter specified." After reciting that the principal has been appointed "engineer to make a survey of the proposed ditch above specified and to make a report thereof to the court, pursuant to the statutes in such case made and provided," the conditions of the bond are stated as follows:

"Now, Therefore, If the said principal who has been appointed engineer to make a survey of said proposed ditch, shall diligently, honestly, and to the best of his skill and ability, perform his duties as such engineer, shall take an oath to faithfully perform his said duties, and shall not be guilty of any negligence or malfeasance in acting as such engineer in making such survey, and reporting thereon to said court, then the above obligation shall be void; otherwise it shall be and remain in full force and effect."

The bond is entitled in the ditch proceeding. It refers to the statute. It is payable substantially as required by the statute. It contains the condition required by the statute. It is obvious that it was

given as and for the bond provided for in the statute and with the intent and for the purpose of complying with the statute.

The bond "must be construed in the light of the statute, and extended, as well as limited in its scope, to those cases contemplated by the statute, unless violence would be done to the language of the bond by such construction". Combs v. Jackson, 69 Minn. 336, 72 N. W. 565; Larson v. Kelly, 64 Minn. 51, 66 N. W. 130; Waterous Engine Works Co. v. Village of Clinton, 110 Minn. 267, 125 N. W. 269; Lanier v. Irvine, 21 Minn. 447; Board of Co. Commrs. of Redwood County v. Tower, 28 Minn. 45, 8 N. W. 907.

A superadded condition to a statutory bond must be rejected as unauthorized and void. Anderson v. Munch, 29 Minn. 414, 13 N. W. 192; Probate Court v. Adams, 8 Ann. Cas. 1028, and note [27 R. I. 97, 60 Atl. 769.]

The bond contains the exact condition prescribed by the statute. The other conditions purport to be in addition to the statutory condition and not in limitation thereof. Appellants, however, insist that the added condition, "and shall not be guilty of any negligence or malfeasance in acting as such engineer in making such survey and reporting thereon to said court," limits the liability of the sureties to the acts of the engineer in making and reporting the survey. In other words that this condition nullifies the statutory condition. It is true that the broad terms of the statutory condition cover everything included in this condition and, if the statutory condition be given effect, this is superfluous. It is also true, as claimed by appellants, that the surety is bound in the manner and to the extent pointed out in his obligation and no further; that he has the right to stand on the very terms of his contract. But here the surety executed a bond under the statute for the purpose of complying with the statute, and which contains the exact condition prescribed by the statute. His obligation is measured by the bond in connection with the statute. It cannot be extended beyond the terms of the bond, but the provisions inserted therein in obedience to the statute cannot be rendered nugatory by superfluous provisions not required by the statute, unless that result necessarily follows from the language of the bond.

In so far as superfluous provisions which do not necessarily limit the obligation of the surety conflict with the statutory provisions, they must be rejected and effect given to the intent of the parties to execute such an obligation as the statute required. " 'Where a statutory bond merely superadds a condition which the statute does not require, its validity even as a statutory bond is not affected by the surplus matter, which will be rejected as surplusage.' Walker v. Chapman, 22 Ala. 124. 'The stipulations in the bond not required by the statute may be rejected as surplusage, and the bond will be regarded as a statutory bond and sued upon as such.' Woods v. State, 10 Mo. 698, 700. This rule has been accepted by the courts apparently without dissent." Note appended to case of Probate Court v. Adams, 8 Ann. Cas. 1029, and case therein cited.

Defendants' obligation must be given the effect contemplated by the statute.

Order affirmed.