## JUSTUS L. GRAY v. HOOVER GRAIN COMPANY.[1]

November 17, 1922.

No 23,097.

**Conversion of grain—complaint good against demurrer.**

As against a general demurrer a pleading will be liberally construed and every reasonable intendment indulged in its support. The complaint in this action is considered in that light and *held* to state a cause of action in conversion, the evidentiary facts pleaded not being in conflict with the specific facts charged.

Action in the district court for Wright county to recover $38,922.85 for conversion of grain. From an order, Giddings, J., overruling its demurrer to the complaint and certifying that the question raised was important and doubtful, defendant appealed. Affirmed.

*Lancaster, Simpson, Junell & Dorsey* and *Powell & Sprowls,* for appellant.

*Cobb, Wheelwright & Benson,* for respondent.

[1]Reported in 190 N. W. 794.

BROWN, C. J.

Appeal from an order overruling a general demurrer to the complaint, the trial court having certified that the questions presented by the demurrer were important and doubtful.

The action is in conversion. The general allegations of the complaint are directly to the effect that the plaintiff, as the assignee of another, was, at the time stated therein, the owner of a quantity of wheat, the number of bushels being specified, and that defendant wrongfully and unlawfully converted the same to its own use, the value thereof being also alleged. Thus a good cause of action is stated, and, had the pleader rested thereon, the complaint would have been immune from attack. But the pleading was extended, and related and evidentiary facts pleaded in corroboration of the general allegations. This was unnecessary, but the specific matters pleaded are in no view inconsistent with the general allegations, rather confirmatory in effect, and the rule, sometimes applied, that general allegations must yield to the facts specifically pleaded has no controlling force or effect. As against the demurrer the complaint is entitled to a liberal construction and every reasonable intendment will be indulged in its support when so challenged. 2 Dunnell, Minn. Dig. § 7724 and 1916 Supp.; Colby v. Street, 146 Minn. 290, 178 N. W. 599; Fish v. Berkey, 10 Minn. 161 (199); Fairmont Cement Stone Mnfg. Co. v. Davison, 122 Minn. 504, 142 N. W. 899, Ann. Cas. 1914D, 945. Giving to this complaint a liberal construction and supplying reasonable inferences and intendments, if that be here necessary, we have no difficulty in sustaining the pleading, as sufficiently definite and specific as to advise defendant of the basis of plaintiff's claim, the real object and purpose of pleadings.

Order affirmed.