## KENNEDY et al. v. CITY OF WHITE BEAR LAKE et al.

District Court, D. Minnesota, Third Division. November 14, 1927.

No. 934.

Courts ⬡508(2)—Federal court held without jurisdiction to enjoin numerous actions in state court to enable complainant to litigate question of liability in single suit.

A federal court *held* without jurisdiction at suit of surety on contractor's bond, to enjoin persons who furnished labor and materials, and whose unpaid claims are severally less than $3,000 from maintaining actions thereon in the state court; the purpose being to enable complainant to litigate the question of its liability in a single suit.

In Equity. Suit by William E. Kennedy and the Federal Surety Company against the City of White Bear Lake and others. On motion for preliminary injunction. Denied.

Ware & Melrin, of Minneapolis, Minn., and Doherty, Rumble, Bunn & Butler, of St. Paul, Minn., for complainants.

Cowern & Christopherson and Walsh, Jackson, Walsh & Yackel, all of St. Paul, Minn., Sullivan & Neumeier, of Stillwater, Minn., and Sanborn, Graves & Ordway, of St. Paul, Minn., for defendants.

JOHN B. SANBORN, District Judge. The complainants seek to enjoin certain of the defendants, who furnished labor and material in the construction of a sewer system partially built under a contract between the city of White Bear Lake and the complainant William E. Kennedy, from bringing suits in the state court against the complainants under a surety bond given by Kennedy, as principal, and the Federal Surety Company, as surety, conditioned for the faithful performance of the contract and the payment of labor and materialmen.

The main object of the suit is to rescind the contract between Kennedy and the city as of July 9, 1927, and the grounds upon which the temporary injunction against the laborers and materialmen is asked are that it will avoid a multiplicity of suits and enable the various controversies to be determined in this one action in the federal court. It is not alleged that any of the threatened actions involves an amount in excess of $3,000, or any federal question. It is alleged that such suits in the aggregate involve an amount in excess of $3,000.

Each of the parties sought to be enjoined has a separate and distinct cause of action against the principal and surety on the contractor's bond, of which causes of action the state courts alone have jurisdiction, unless it might possibly be said that they were properly joined to a separable cause of action between the complainants and the defendant city of White Bear Lake. My opinion is that this court has no jurisdiction to grant the injunction prayed; but, even if it had jurisdiction, I am satisfied that it ought not to do so.

The surety company claims that it was not required by law to guarantee the payment of labor and material claims, and that, although it has done so by this bond, the provisions of the bond for the benefit of laborers and materialmen were not required by statute, are meaningless, and gave no cause of action to any laborer or materialman upon which suit could be brought, because of the absence of privity between the surety and the persons furnishing labor and material. This under the doctrine of Breen v. Kelly, 45 Minn. 352, 47 N. W. 1067; Park Bros. & Co., Limited, v. Sykes, 67 Minn. 153, 69 N. W. 712; Anderson v. Munch, 29 Minn. 414, 13 N. W. 192.

Whether the provision of the bond in question relating to the payment of labor or material claims is extrastatutory is a doubtful question, and one which ought to be determined by the courts of Minnesota, the construction of the state statutes being peculiarly for the state courts. Even if the contentions of the surety company were sustained in that regard, I doubt very much if the Supreme Court of Minnesota would adhere to its old rule in regard to the right of a materialman to sue and recover on such a bond. The case of St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352, seems to indicate that it will not. The more modern and more sensible rule is that a surety company, which gives such a bond, will be required to carry out its agreement and pay the obligations it voluntarily assumed and charged for, and that a materialman or laborer, for whose benefit it was given, either in whole or in part, may sue upon it.

The case of Federal Surety Co. v. Minneapolis Steel & Machinery Co. (C. C. A.) 17 F.(2d) 242, is cited by the complainants in support of their contention that a temporary injunction should issue. In that case this court held that a materialman might sue on such a bond as this. The Circuit Court of Appeals reversed this court, on the theory that, under the law of the state of Montana, the bond being a Montana contract, such a suit could not be maintained. Since that decision, the Supreme Court of Montana has held that the laws of that state permit such a suit. Gary Hay & Grain Co. v. Fidelity & Deposit

Co. of Maryland, 255 P. 722. This illustrates the desirability of having the state courts first determine the questions which involve the construction of state statutes. While it would be a matter of convenience to the complainants to avoid having to defend a great number of suits in the state court brought by materialmen, the decision in one case will settle all the cases.

For the foregoing reasons, the temporary injunction is denied, and the existing restraining order vacated.