COUNTY OF YELLOW MEDICINE v. J. R. JOHNSTON
AND ANOTHER.[1]

December 7, 1928.

No. 26,868.

[1]Reported in 222 N. W. 289.

**16**

*James C. Melville,* for appellants.
*Salmer N. Knutson,* County Attorney, for respondent.

HOLT, J.

The appeal is from an order denying defendants a new trial.

In the proceeding establishing county ditch No. 25 of Yellow Medicine county, the defendant Johnston was appointed engineer. He qualified and gave the bond required by the statute, the defendant Royal Indemnity Company being the surety. Johnston appointed F. A. March assistant engineer. One Rademacher obtained the contract to haul the tile required in the project. His contract contained the provision for payments upon certificates issued by the engineer as the work progressed in accordance with G. S. 1923, § 6694. March issued from time to time certificates to Rademacher not only in excess of the percentage of the work done permitted by the statute, but for $918.73 in excess of the total contract price. These various certificates were approved in writing by Johnston before delivery to Rademacher. They were paid, and this action is brought to recover the amount overpaid from Johnston and his surety. The findings were in favor of the plaintiff in the amount of the overpayment.

The first contention in behalf of the surety is that the loss of this money through the alleged negligence of its principal is not covered by the bond. It is said Johnston was not appointed for any other work than to make a survey of the ditch; this loss was sustained in the supervision of the construction, and he was not appointed for that position; nor does the bond refer to that work. The bond involved is a statutory bond. The particularly applicable statutes in force when this bond was given and when the ditch was surveyed and constructed are G. S. 1923, §§ 6678 and 6694. It is plain from

the first section that the engineer appointed to make the preliminary survey continues in that position until the ditch is constructed, unless another is appointed in his place. It provides that he "shall give a bond in the sum of $5,000 with good and sufficient surety, payable to the county or counties affected by the proposed ditch or improvement, for the benefit of such county or counties, and also for the use of all parties aggrieved or injured by any negligence or malfeasance on the part of said engineer, conditioned that he will diligently, honestly, and to the best of his skill and ability perform his duties as such engineer in said proceeding." Any condition contained in the bond in addition to those specified in the statute must be regarded as surplusage. The language of this bond is virtually the same as that of the bond in Fairmont C. S. Mfg. Co. v. Davison, 122 Minn. 504, 142 N. W. 899, Ann. Cas. 1914D, 945, which was held to cover not only negligence of the engineer in the survey of the ditch but also his negligence in superintending the construction. As there said [122 Minn. 509]: "The bond contains the exact condition prescribed by the statute. The other conditions purport to be in addition to the statutory condition and not in limitation thereof."

The estimates upon the certificates issued were made by Mr. March, the assistant engineer appointed by Mr. Johnston. But each certificate was approved in writing by Mr. Johnston, and he must be held responsible for whatever error through negligence occurs therein. And we do not understand that counsel contend otherwise. But it is asserted the negligence in issuing these certificates for excessive amounts was not the proximate cause of the loss to the county; that the loss proximately resulted from the negligence of the auditor in issuing the warrants thereon. He, being charged with the duty of keeping track of the payments and having the contract of Rademacher before him, knew the total amount thereof. This alleged defense is not open to the surety. The first wrongful act which made possible the loss was the approval of these inexcusably erroneous certificates by Johnston. That the negligence of the county auditor also contributed to the loss does

not relieve Johnston or his surety. This is determined in Co. Commrs. of Ramsey County v. Sullivan, 94 Minn. 201, 102 N. W. 723.

The point was also raised that Rademacher and his surety should have been made parties when, at the beginning of the trial, the defendant surety company so moved. Without determining whether a seasonable motion to make them parties ought to have been granted, it suffices to say they were not necessary parties, and the trial court did not err in refusing to halt the trial to permit additional parties to be brought in.

The order is affirmed.

