## WILLIAM GUERNSEY

### *vs.*

## AMERICAN INSURANCE COMPANY.

The act relating to the service of mesne process upon foreign corporations, found upon *page 494, Genl. Stat.*, and approved February 28, 1866, controls *Sections 48 and 56, Ch. 66, Gen. Stat.*, and the delivery of a copy of a summons to the general or managing agent of a foreign corporation, as therein provided, is a sufficient service upon the corporation, and subjects it to the jurisdiction of the Court in which the summons is issued.

This action was commenced in the Court of Common Pleas for the County of Ramsey, and comes to this Court by an appeal taken by the plaintiff, from an order granting a motion made to set aside the service of the summons. The case is fully stated in the opinion of the Court.

LAMPREYS for Appellant.

I.—In a motion the moving party is confined to the grounds of motion stated by him, and no other can be considered. *Rules of Court*, 9 ; 6 *How. Pr.*, 296 ; 1 *Code*, 49.

II.—The return shows that the defendant at the time of the service of the summons had property within the State of Minnesota ; that the cause of action arose within the State, and that the person on whom the service was made was then and there the general managing agent, and a secretary of said company.

Now our statute, *page* 456, *Sec.* 48, provides that the summons in an action against a foreign corporation can be served by delivering a copy thereof to the secretary, or managing agent thereof, whenever " it has property in this State, or the cause of action arose therein."

And the statute, *page* 494, *Secs.* 1 *and* 2, provides that " such service shall be of the same force, effect and validity, as like service upon domestic corporations."

This act shall have full force and effect notwithstanding any provisions of the general statutes, or other law of the State, inconsistent herewith, to take effect from its passage, and approved February 28, 1866.

Now can there be any question what force and effect such a service upon a domestic corporation would have, especially when it appears from the act itself that it was the intention of the Legislature to repeal thereby all statutes or laws inconsistent therewith?

The act of February 28, 1866, was passed expressly to give the Courts jurisdiction of such a case as this. 23 *How. Pr.*, 180 ; 18 *Ib.*, 412 ; 13 *Abb.*, 425 ; 3 *Duer*, 648.

III.—A foreign corporation, by its general agent or officers, can make contracts and hold property in this State ; sue in our Courts, and have its rights determined in the same manner as a " domestic corporation ; " and we insist that there can be no good reason why it should not be sued in the same manner. *Stats.*, *page* 542, *Sec.* 2.

IV.—The order appealed from is erroneous, and should be reversed.

E. C. Palmer for Respondent.

I.—The first point made by the appellant is not tenable. Neither the rule nor the cases cited sustain the position.

But were it otherwise, the " grounds " stated in the motion

are broad enough to cover all the questions intended to be raised.

II.—The return is evidence of nothing except the time, place and manner of service. All else is surplusage and impertinent matter, which must be disregarded. *Sec.* 53, *Chap.* 66, *Gen. Stat.*; 3 *R. I.*, 84; 1 *Bosworth*, 406; 33 *Maine*, 29; *Greenleaf Ev.*, 5th *Ed.*, *Vol.* 1, *Sec.* 498, and cases cited.

III.—The service is void, and the Court acquired no jurisdiction thereby, because not made upon an agent or officer specially authorized to receive or accept it. *Gen. Stat.*, *Chap.* 34, *Secs.* 117, 125.

IV.—The said service was not made upon such an officer or agent, as the law requires. The mere fact that the person served is an agent of a foreign corporation, within the State creating such corporation, is not enough; he must be such agent, act as such, and reside within the jurisdiction in which the action is brought, before the law will regard him as the legal representative of the corporation. *Gen. Stat.*, *Chap.* 66, *Secs.* 48, 49, 56, 192; *Gen. Stat.*, *page* 494, *Secs.* 1, 2; *Gen. Stat.*, *Chap.* 34, *Sec.* 125; *New York Statutes*, *Edmonds' Ed.*, *Vol.* 3, *page* 685.

V.—The said service is not a service upon the defendant. No mode of service is effectual to give our Courts jurisdiction of a foreign corporation, unless such corporation is shown to have an agency established in the State for the transaction of some portion of its business, or have property therein upon which the plaintiff has acquired a lien by attachment or garnishment. And if the act of February 28, 1866, or any other law of the State, was intended to go beyond this, and authorize our Courts to render judgment *in personam*, in a case like the present, it is, so far, invalid and nugatory. *Gen. Stat.*, *Chap.* 66, *Sec.* 56; 14 *Conn.*, 301; 4 *How. Prac. Rep.*, 275; 5 *How. Prac. Rep.*, 183; 13 *Curtis, U. S.*, 277; 13 *How. Prac. Rep.*, 516; 10 *Minn.*, 386; 9 *Minn.*, 303.

VI.—A foreign corporation can only be brought into Court by virtue of some statutory provision, (in cases where jurisdiction can be acquired for any purpose,) and such provision cannot be extended by construction.

The fact that a foreign corporation is authorized to sue in this State by express provision of law, "is no good reason," or any reason at all, why it should be sued in the same manner. 10 *Minn.*, 386, and cases cited.

VII.—The order appealed from is correct, and should stand.

*By the Court*—Berry, J.—This action was brought in the Common Pleas, upon a policy of insurance issued by the defendant to the plaintiff. The summons was served in the manner indicated in the following affidavit :

"Morris Lamprey came before me personally, and being sworn says, that in said county on the seventh day of November, A. D. 1867, he served the within summons upon the American Insurance Company, which is well known to this deponent to be the same American Insurance Company as the within named defendant, in the within entitled cause, and has property within said State, and the cause of action therein arose in said State, by then and there giving in hand to, and leaving with R. B. Currier, who is well known to this deponent to be the same person as, and the general agent and general managing agent, and one of the officers, and a secretary of said American Insurance Company, a true copy thereof, then and there ; and further saith not.

Morris Lamprey."

The defendant appearing specially for that purpose moved to set aside the service—(1). Because the said R. B. Currier was not authorized to receive the same. (2). Because the said service is not a service upon the said defendant. The plaintiff appealed from an order granting the motion. Upon

Guernsey v. American Insurance Company.

the hearing of the motion below, the defendant read the following affidavit:

" R. B. Currier, being duly sworn, says, that he is the same person on whom the summons in the above entitled action was served on the 7th day of November, A. D. 1867, as stated in the affidavit of service of Morris Lamprey, indorsed on the original summons herein; that this deponent is the general agent of said defendant, and resides at Freeport, in the State of Illinois; that said defendant is a foreign corporation, created by and under the laws of said Illinois, and having its principal place of business at said Freeport; that said corporation, defendant, in consequence of the oppressive and hostile character of the legislation of the State of Minnesota, in the year 1866, relative to foreign insurance companies, ceased to do business in the State of Minnesota, withdrew its agents, and made no attempt to comply with the requirements of said laws, of said State of Minnesota, since January 1st, 1867; that prior to the year 1867 said company had been doing a large amount of insurance business in Minnesota, and at said last named date had outstanding and unsettled a large number of promissory notes taken for premiums which were due, and to become due—many of which are now due and unpaid; that since said January, A. D. 1867, said defendant has had no agent or officer in said Minnesota, authorized to accept service of process in legal proceedings, or any agent or agents whatever on whom service could be made in such cases; that this deponent arrived in this State of Minnesota about the middle of October, A. D. 1867, with the intention of remaining for a short time only; that he expects and intends to leave this State in a day or two, and return to his place of residence in Freeport aforesaid; that he is a non-resident of the State of Minnesota, and was only temporarily within the limits of said State, at the date of the service of said summons as afore-

Guernsey v. American Insurance Company.

said; that he has no authority to receive or accept service of process in legal proceedings for, or on behalf of said company, and that said corporation has no officer or agent within this State, on whom such service can properly be made.

R. B. Currier."

It appears from this affidavit, as well as from the complaint and affidavit of Lamprey, that the defendant is a foreign corporation, and that Currier is a general agent of the same; and these two facts are, we think, conclusive in favor of the sufficiency of the service to give jurisdiction of the defendant. The act relating to the service of mesne process upon foreign corporations, found on *page* 494, *G. S.*, approved February 28, 1866, is in these words:

"*Section* 1.    That the summons, in any civil action or proceeding wherein a foreign corporation is defendant, may be served by delivering a copy thereof to the president, secretary, or any managing or general agent of said foreign corporation, and such service shall be of the same force, effect and validity as like service upon domestic corporations.

"*Section* 2.    This act shall have full force and effect, notwithstanding any provisions of the general statutes, or other law of the State inconsistent herewith, and shall be published with and as a part of the general statutes."    We think that the meaning of this act is, that the delivery of a copy of the summons to the general or managing agent of a foreign corporation is a sufficient service, and subjects such corporation to the jurisdiction of the Court, as it would a domestic corporation.    *Sec.* 48, *page* 456, *G. S.*, provides as follows:

"*Section* 48.    The summons shall be served by delivering a copy thereof as follows: First—If the action is against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent thereof; but such service can be made in respect

to a foreign corporation only when it has property within this State, or the cause of action arose therein." *Sec.* 56, *p.* 457, *G. S.*, provides as follows:

"*Section* 56. No corporation is subject to the jurisdiction of a Court of this State unless it appears in the Court, or has been created by or under the laws of this State, or has an agency established therein for the transaction of some portion of its business, or has property therein upon which the plain-tiff has acquired a lien by attachment or garnishment, and in the last case only to the extent of such property at the time the jurisdiction attached."

Section 49 we think not important to be considered in this case. It is manifest that the act of February 28th permits service to be made upon a foreign corporation, and jurisdiction over such foreign corporation to be acquired by virtue of such service in a manner and in cases in which these things were not only not permitted, but were virtually prohibited to be done under *Sections* 48 *and* 56 before cited. In so far as the act of February 28th has this effect, it is inconsistent with *Sections* 48 *and* 56; and by its own terms it is to " have full force and effect notwithstanding." The act of February 28th was passed under somewhat peculiar circumstances. The Legislature at the session at which it was passed was engaged in a revision of the general laws of the State. The whole body of statutory law, now denominated the " General Stat-utes", was under consideration, and was adopted at that ses-sion. The Legislature in section 2 of the act of Feb. 28 de-clare that " this act shall have full force and effect, notwith-standing any provisions of the general statutes, or other law of the State inconsistent herewith, and shall be published with, and as a part of the general statutes."

By the phrase "general statutes " we understand that the Legislature pointed to the body of law now designated in accord

ance with its own provisions as the "General Statutes." *Sec.* 1, *Chap.* 121, *p.* 676, *Gen. Stat.* The "General Statutes", as such, were not to go into effect until after July 31, 1866, and this fact gives significance to the expression "other law of the State" in *Sec.* 2, as well as to *Sec.* 3, which provides that the act of Feb. 28 "shall take effect and be in force from and after its passage." That is to say the words "other law of the State" may be treated as referring to private laws, and to the public and general law in force at the time when the act of Feb. 28 was passed, and which it was designed to reach and affect by the act of Feb. 28, before the time when the "General Statutes", as such, would take effect. The act of Feb. 28, as its date shows, was enacted near the close of the session. The "General Statutes", so called, were to some extent incomplete and unfinished. They had not been collected in a printed volume. The difficulty of attempting to examine the many acts which were to compose the "General Statutes", for the purpose of making such changes as would be necessary to engraft thereon provisions like those of the act of Feb. 28, by amendments, will be apparent. Some of these acts had been approved by the Governor; others were in various stages of the process of legislation. A reference to the Journals of the Senate and House for 1866 shows, that chap. 66, Gen. Stat., had passed both branches of the Legislature on the 21st of February; that the bill which became the act of Feb. 28 was subsequently introduced, and passed the Legislature Feb. 27. *Senate Journal,* 171, 173, 200, 220; *House Journal,* 191, 272. These facts, as well as the sweeping phraseology of the act of Feb. 28, leave very little room for doubt that it was the intention of the Legislature to make that act controlling, and whatever provisions of the General Statutes are irreconcilable with its terms, must give way. See also *Sec.* 9, *chap.* 121, *G. S.* We think that these conclusions

are not affected by the fact, that while this act was approved by the Governor Feb. 28, *Chap.* 66, *Gen. Stat.*, was approved March 1. We are unable to see how such action of the Executive, in *approving*, could affect the intent of the Legislature, or the meaning of its acts.

We perceive no reason why it was not competent for the Legislature to pass the act of Feb. 28 with the meaning which we attach to it. See *Cumberland Coal Co. vs. Hoffman Coal Co.*, 30 *Barb.* (*S. C.*), 165. If for want of property in this State upon which to levy an execution, a barren judgment should in any case be recovered upon such service as may be made under this act, this is no more than sometimes happens when personal service is made in an action against a natural person, and it is for the plaintiff, in both cases, to determine for himself whether or not it will be wise to take the risk of finding property.

On the whole, then, we see no reason why the service made was not sufficient, and the order appealed from is accordingly reversed.

WILSON, Ch. J.—*Dissenting.*—We are called upon in this case to determine whether a foreign corporation, not having an agency established in the State for the transaction of any portion of its business, and upon whose property the plaintiff has not acquired a lien by attachment, or garnishment, is made subject to the jurisdiction of our Courts, by service of process on its secretary, found within the State.

The determination of this question makes necessary an exposition of the *Sections* 48 *and* 56 *of Chap.* 66, *Gen. Stat.*, and of an act approved Feb. 28, 1866, entitled " a bill for an act to provide for the service of mesne process on foreign corporations," found on *page* 494 *of the General Statutes.* These several statutory enactments read as follows:

"*Sec.* 48.  The summons shall be served by delivering a copy thereof as follows :

1.  If the action is against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent thereof; but such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein."

"*Sec.* 56.  No corporation is subject to the jurisdiction of a Court of this State, unless it appears in the Court, or has been created by or under the laws of this State, or has an agency established therein for the transaction of some portion of its business, or has property therein upon which the plaintiff has acquired a lien by attachment or garnishment, and in the last case only to the extent of such property at the time the jurisdiction attached."

The law of 1866 reads:

"*Sec.* 1.  That the summons in any civil action or proceeding wherein a foreign corporation is defendant, may be served by delivering a copy thereof to the president, secretary, or any managing or general agent of said foreign corporation, and such service shall be of the same force, effect and validity as like service upon domestic corporations."

"*Sec.* 2.  This act shall have full force and effect notwithstanding any provisions of the General Statutes, or other law of the state inconsistent herewith, and shall be published with, and as a part of the General Statutes."

In the discussion of this question, I proceed upon the hypothesis, that the act last cited is to be construed as subsequent to *Chapter 66 of the General Statutes*, and that, therefore, when there is an irreconcilable repugnancy, the former abrogates the latter.  This hypothesis I adopt without approving, because it does not seem to me necessary to discuss the questions which arise in any other view of the case.

These several provisions of the statutes must be read together, and made to harmonize if possible ; for it is a well settled rule of interpretation, that in construing any part of a law, the whole must be considered, as the different parts reflect light on each other, and if possible, such construction is to be given as will avoid any contradiction or inconsistency. It must be admitted that there is at least an apparent inconsistency, not alone between the law of 1866 and the other portion of the statutes quoted, but more particularly between *Sections* 48 and 56. *Section* 48 seems to allow service upon a foreign corporation in all cases where it has property in the State, or the cause of action arose therein.

*Section* 56 in express language declares that such corporation is not subject to the jurisdiction of the Courts, unless certain other conditions exist. Which section shall be deemed the true expression of the legislative will on this point? To the words of each perhaps should be accorded peculiar weight, in respect to the subject matter to which the mind of the legislature was turned when the section was framed and considered. The words of a legislator or judge are always to be understood as having regard to the subject matter under consideration, for that is always supposed to be in his eye, and all his thoughts are supposed to be expressed with reference to it. *Sedgwick on Stat and Con.. Law*, 236–7, *sec.* 56, refers exclusively to the jurisdiction of the Courts over corporations, and it states how the jurisdiction may be acquired, and under what circumstances. Its language is positive, clear, and unambigious. Whereas the subject matter to which the mind of the framers of the statute was principally drawn in wording *Section* 48, is the manner of serving the summons, and the idea which seems to be involved in one clause of the section in conflict with the clear meaning of *Section* 56, is not expressed directly, or positively, but inferentially. Under

these circumstances I think the conclusion is not only reasonable, but almost irresistible, that the meaning of the legislature, in respect to the jurisdiction of the Courts over corporations, is more certainly to be drawn from the language of the latter, than from that of the former section.    If this conclusion is not erroneous, then unless the law in this respect is changed by the enactment of 1866 above referred to, it follows that the mere fact that the defendant has property within the State, not attached by the plaintiff, or that the cause of action arose within the state, does not give jurisdiction.

Does the law of 1866 repeal by implication, *section* 56? It must be admitted that that law is loosely worded; from its language the meaning of the legislature is not at first sight clearly apparent.    But it is to be remembered in the discussion of this question, that repeals by implication are not favored.    In cases of seeming contradiction in statutes, if by interpretation they may stand together, they shall so stand; and if two laws only so far disagree or differ as that they may by any other construction both stand, they will both be upheld; for whenever this can be done, the rule that subsequent laws abrogate prior ones, does not apply, and the last law will not operate as a repeal of the former.    *Smith on Stat. Law*, 879; see also *Canal Company vs. R. R. Co.*, 4 *Gill. & John.* 6; 1 *Bish. Cr. Law*, (4th Ed.) *sec.* 197, *and cases cited in notes.*    Unless these rules of construction are to be disregarded, it does not seem to me very apparent how we can hold that the law of 1866, abrogates or controls *section* 56, for certainly the terms and provisions of these enactments, are not less reconcilable and consistent, than the terms and provisions of *sections* 48 *and* 56, which we have found it necessary to harmonize.    Nor do I think there is any reason why the same rules of interpretation and construction should not be applied in both cases.    The act of 1866 relates to the

service of the summons on foreign corporations, and its general language is to be understood as having reference to that subject matter. It does not clearly appear to have been the intention of the legislature, by that act, to give to the courts jurisdiction over foreign corporations in cases in which jurisdiction was before denied. If it did not so intend, there is no conflict, and if there is not a conflict manifest and irreconcilable, there is no repeal by implication. A correct exposition of the several parts of the statute above referred to, I think, is, that *Sec.* 48 (*and* 49), and the law of 1866, provide for the service of process in cases in which the Courts have jurisdiction, but do not enlarge the jurisdiction, and that *Sec.* 56 determines the extent of the jurisdiction. This construction does not make the law of 1866 meaningless, for it will be observed that *Sec.* 48 declares that service on foreign corporations can only be made if it has property in the State, or the cause of action arose therein ; while from *Sec.* 56, it would appear, that the legislature intended to confer jurisdiction on the Courts, in actions against such corporations, when they have an agency established in the State for the transaction of some portion of their business. In other words, the one section declares that foreign corporations shall be subject to the jurisdiction of the Courts under certain circumstances ; the other, that under the same circumstances a summons shall not be served on them. The law of 1866 remedies the defect, and allows service on a foreign corporation having an office in the State for the management of a part of its business, by delivering a copy of the summons to its general agent, found in the State, though it may have no property in the State, or the cause of action may not have arisen therein.

A plaintiff is not required, on service of a summons upon a foreign corporation, to make proof of the facts showing jurisdiction, but if he claims jurisdiction, on the ground of hav-

ing acquired a lien on the defendant's property, it is incumbent on him, on a motion to set aside the service, to establish such lien. The plaintiff did not attempt this, but insists on his right to maintain the action, on the ground that the defendant has property within the State, and that the cause of action arose therein, and therefore I think the order appealed from should be affirmed.

It is objected, that the defendant's counsel not having made this a ground of his motion to set aside the service, it should not have been considered. But admitting that the notice of motion is not sufficiently specific, that is not sufficient ground for the reversal of the order appealed from, for it is not pretended that the plaintiff is prejudiced by the want of notice of the particular ground of objection, or that he could have supplied the wanting proof, if notice had been given.