## BOB VUKELIS v. VIRGINIA LUMBER COMPANY.[1]

February 5, 1909.

Nos. 15,776—(260).

**Complaint—Demurrer.**

As against a general demurrer to a complaint, the question is whether, assuming every fact alleged to be true, enough has been stated to constitute any cause of action whatever.

**When Complaint is Sufficient.**

A complaint will be deemed sufficient when the necessary allegations may be gathered from all the averments, although the pleading is deficient in logical order and technical language.

**Facts Reasonably Implied from Pleading Traversable.**

A pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment. Facts so implied are traversable in the same manner as though stated directly.

**Complaint Good.**

A complaint in a personal injury action *held* good as against a general demurrer.

Action in the district court for St. Louis county to recover $15,500 damages for personal injuries. From an order, Dibell, J., overruling its demurrer to the complaint, defendant appealed. Affirmed.

*E. C. Kennedy* and *H. D. Bailey,* for appellant.

*J. De La Motte,* for respondent.

ELLIOTT, J.

This is an appeal from an order overruling a general demurrer to a complaint which alleges: That the defendant is and at the time herein mentioned was a corporation engaged in the business of lumbering and getting out logs and timber by rail, and that in its business it owned and operated a railroad, and had cars, engines, tracks, switches, and appliances usually and customarily had, owned, and operated by railroads. That the defendant had and operated in its business near camp 15 what was known as a log loader or jammer, operated by steam and propelled along the rails by its own power, and that the jammer was

[1] Reported in 119 N. W. 509.

in operation on the line of railroad at the time of the injuries to the plaintiff complained of. That at the time mentioned the plaintiff was earning and capable of earning $40 per month and board. That it was his duty to fasten the hooks upon the chain of said jammer into the chains tied around the logs to be loaded onto the cars, and to change the skids from one car to another after being so loaded. That the manner of doing the work was as follows: The jammer would move forward upon the track to the first car to be loaded, the brakes would be set, then the plaintiff and his partner would place skids at each end of the car to be loaded, and then hook the hook of the jammer chain into the chain which fastened the logs together. The engineer would then start the machinery in motion, and the logs would be loaded onto the car. After the car was loaded with about ten tiers of logs the jammer would then back up, and the plaintiff and his partner would remove the skids from the loaded car and place them against the car to be next loaded, and the operation would be repeated. That it was the duty of the defendant to the plaintiff to furnish him with a safe place to work and with safe and careful servants with whom he was to perform his work, and to warn and instruct him as to the dangers connected with his work, and to give him warnings and instructions, by whistle or bell or otherwise, when about to move the cars or car upon which the jammer was operated, so as to give him an opportunity to get out of the way, and to furnish him with safe and sufficient tools, instruments, and appliances about and with which to perform his said work, and to have and maintain reasonably safe and sufficient rules and a safe and sufficient system to regulate the performance of its said work and business. That notwithstanding its duty in the premises, the defendant failed and neglected to furnish plaintiff with a safe place to work, or with safe and careful servants and employees with whom to do and perform his work, and carelessly and negligently failed and neglected to warn plaintiff when it was about to move its said cars and said jammer car, and failed and neglected to warn and instruct plaintiff as to the dangers connected with his said work, and failed and neglected to have a safe system of rules in the doing of said work, and that by reason of such carelessness and negligence on the part of the defendant as aforesaid the plaintiff has suffered the injuries herein mentioned. That on about July 2, 1907,

at about nine o'clock in the forenoon of said day, while plaintiff was in the act of removing the ,skids from the jammer as was usual and customary, the defendant carelessly and negligently, without giving plaintiff any warning that it was about so to do, and while plaintiff was in a position of danger in moving said jammer, the same ran over and upon plaintiff, smashing and bruising the bones, flesh, and muscles of his right foot, so that it became necessary to amputate the first three toes of said foot, causing him to be laid up in the hospital for a period of five weeks, and rendering him unable to do and perform any of the work he was formerly accustomed to do, and made of him a cripple for the balance of his life. Plaintiff's special and general damages are then alleged, and judgment demanded for $15,500.

The appellant urges that this complaint is insufficient, in (1) that it contains no allegations of fact which make the defendant liable, and (2) from the manner of doing the work as described in the complaint it appears that the risks and hazards of operating a railroad did not obtain, and whatever negligence is charged was the negligence of a fellow servant. The first ground of objection resolves itself into the contention that the pleading contains mere conclusions of law, without allegations of fact from which such conclusions can properly be drawn, and particularly in that it does not allege that the plaintiff was at the time in the employ of the defendant. This essential fact is not directly stated; but, in view of the liberal construction which should be given a pleading as against a demurrer, we think that it may be fairly inferred.

When a complaint is met by a demurrer on the ground of insufficiency, the question is whether, assuming every fact alleged to be true, enough has been well stated to constitute any cause of action whatever. The complaint will be deemed sufficient when the necessary allegations can be fairly gathered from all the averments, although the pleading is deficient in logical order and technical language. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated. Sage v. Culver, 147 N. Y. 241–245, 41 N. E. 513; Spottswood v. Herrick, 22 Minn. 548; Farrant v. First Division, St. P. & P. R. Co., 13 Minn. 286 (311); Commrs. of Ramsey Co. v. Brisbin, 17 Minn. 429 (451); King v.

Nichols & Shepard Co., 53 Minn. 453, 55 N. W. 604. Within this rule the complaint is sufficient.

It is reasonably clear that the complaint states a case of railroad hazard, which makes inapplicable the fellow servant rule; but we are not disposed to enter into a discussion of the question, when presented upon the somewhat vague statements of the pleading.

Order affirmed.