# CHRIS. RASMUSSEN v. TOWN OF HUTCHINSON.[1]

July 15, 1910.

Nos. 16,705—(191).

**Complaint states cause of action.**

> Complaint in an action against a town for wrongfully obstructing a drainage ditch *held*, as against a demurrer, to state a cause of action.

Action in the district court for McLeod county to restrain defendant from continuing certain inadequate culverts. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. From an order, Morrison, J., overruling the demurrer, defendant appealed. Affirmed.

*Wm. O. McNelly,* for appellant.

*C. G. Odquist,* for respondent.

BROWN, J.

The complaint in this action, though flagrantly indefinite and uncertain, may be sustained as against a general demurrer. Spottswood v. Herrick, 22 Minn. 548; Vukelis v. Virginia Lumber Co., 107 Minn. 68, 119 N. W. 509. Defendant's remedy was by motion to strike out, or for an order requiring the pleading to be made more definite and certain. The evident purpose of the pleader was to state a cause of action within the rule laid down in Peters v. Town of Fergus Falls, 35 Minn. 549, 29 N. W. 586. And aided by such inferences and intendments as are permissible against a demurrer, the complaint may be construed as alleging, in substance and effect, that the defendant, in an attempt to improve certain highways of

[1] Reported in 127 N. W. 182.

[Note]  Rights and duties of municipalities with respect to surface waters, see note to Johnson v. White (R. I.) 65 L. R. A. 250.

[Note]  Duty and liability of municipality with respect to drainage, see note to Georgetown v. Com. (Ky.) 61 L. R. A. 673.

the town, constructed, at the intersection of such highways and a theretofore duly laid out drainage ditch, certain culverts in the ditch over which the highways extend; that the culverts were inadequate and insufficient to permit the passage of the water accumulated in the ditch, were obstructions therein, and caused the water to back up, overflow, and damage plaintiff's land. Though the complaint contains no specific allegations of negligence or intentional wrong-doing on the part of the town or its officers, the wrongfulness of the act complained of is disclosed by the allegations that the town had been requested to remove the inadequate and insufficient culverts and replace the same with others of sufficient capacity to carry off the water, but that it refused to do so. And, as suggested, aided by legitimate inferences from the facts pleaded, a cause of action may be spelled out of the complaint along the lines stated, and the demurrer was properly overruled.

The wrong complained of is a continuing one, and the remedy by way of an action for damages is not adequate. To resort to that remedy would involve a multiplicity of suits, and the case is a proper one for equitable relief.

Order affirmed.