# FIRST NATIONAL BANK OF HASTINGS v. CORPORATION SECURITIES COMPANY.[1]

December 27, 1912.

Nos. 17,751—(118).

**Complaint construed.**

>   The allegations of the complaint in this action, outlined in the opinion, *held*, as against a demurrer, to state facts showing the breach of a valid executory contract for the sale and purchase of certain personal property.

Action in the district court for Hennepin county for specific performance of an agreement to buy 15 shares of stock or to recover $2,250 in case specific performance be not decreed. From an order, Jelley, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*Brown & Guesmer* and *Harry S. Carson,* for appellant.

*Spooner, Laybourn & Lucas,* for respondent.

BROWN, J.

The complaint in this action alleges the following facts:

That plaintiff is a banking corporation organized under the laws of the United States. That defendant is a corporation organized under the laws of the state of Delaware, having an office and doing business in this state. "That on or about the 27th day of April, 1911, at the city of Minneapolis, Minnesota, for a valuable consideration, the said defendant agreed, on or before August 1, 1911, to purchase from E. B. Bradford fifteen (15) shares of the capital stock of the Crocker State Bank, of Crocker, South Dakota, the said Crocker State Bank being a banking corporation organized and existing under the laws of the state of South Dakota, said 15 shares of stock being evidenced by two certain certificates, one numbered 12 for five (5) shares, and one numbered 13 for ten (10) shares, the said shares being of the par value of one hundred dollars ($100) each, and the said shares being

[1] Reported in 139 N. W. 296.

then, at the time of the said agreement, the property of the said E. B. Bradford. As a part of said agreement said defendant agreed to pay said Bradford for said shares the price of one hundred fifty dollars ($150) per share, the same being a total of two thousand two hundred fifty dollars ($2,250) for all of the said 15 shares."

The complaint further alleges that thereafter, on April 28, 1911, for a valuable consideration, said Bradford assigned and transferred the stock, together with his interest in defendant's agreement to purchase, to plaintiff, and that plaintiff has ever since been and still is the owner and holder of the same. It also alleges that plaintiff tendered the stock to defendant and demanded that it purchase the same in accordance with the Bradford agreement, and that defendant refused and ever since has refused to comply with said agreement. The complaint further alleges that the stock has no market value, is not quoted in commercial reports, nor sold on the market, and since August 1, 1911, has had no value; that plaintiff still holds and tenders the stock to defendant, and brings the same into court for the use and benefit of defendant; that plaintiff has no adequate remedy against defendant, except by specific performance of the contract. The complaint also alleges that plaintiff has been damaged by defendant's refusal to perform the agreement in the sum of $2,250, and demands as relief: (1) Specific performance; or, if that be denied, (2) judgment for $2,250, as damages for the breach of contract.

Defendant interposed a general demurrer, which the trial court sustained. Plaintiff appealed.

The principal question presented is whether the allegations of the complaint affirmatively show an enforceable contract between Bradford and defendant, by which Bradford agreed to sell and defendant agreed to purchase the stock. It is contended by defendant that no such contract is pleaded; that at most the complaint shows only an agreement to purchase on the part of defendant, and wholly fails to allege any fact disclosing an obligation on the part of Bradford to sell; hence that the contract is unilateral and unenforceable for want of mutuality of agreement.

We do not sustain this contention. The complaint may be sus-

tained on the theory of an express contract binding upon both parties. Whether plaintiff is entitled to damages for a breach of the contract, or to the specific performance of the same, we do not consider. We simply hold that upon the face of the complaint, aided by the permissible inferences, as against the demurrer, a valid contract is shown by its allegations. It is probable that the pleading is technically defective in not containing an express allegation that Bradford agreed to sell the stock to defendant, thus showing mutual obligations—an obligation to sell on the part of Bradford, and an obligation to purchase on the part of defendant. But the omitted allegation may be supplied by intendment, and the complaint held sufficient.

The rule guiding the court in the construction of pleadings, when challenged by general demurrer, is well settled. As expressed by Judge Elliott, a pleading will be held sufficient when the necessary allegations may be gathered from all the averments, although it is deficient in logical order and technical language. And as against a demurrer it will be construed to state all facts that can reasonably be implied from the allegations made. Facts so implied are traversable in the same manner as though directly stated. Vukelis v. Virginia Lumber Co. 107 Minn. 68, 119 N. W. 509. The complaint in the case before us expressly alleges that defendant for a valuable consideration agreed to buy the stock from Bradford. The natural inference from this allegation is that Bradford at the same time agreed to sell the stock. This inference is permissible within the rule stated, and, construing the complaint as containing that allegation, a valid assignable contract is shown.

Order reversed.

A petition for rehearing having been filed, the following opinion was filed on January 7, 1913:

PER CURIAM.

The rule guiding this court in determining the sufficiency of a complaint, when challenged by general demurrer, is that the demurrer will be overruled if, on any view of the facts pleaded, a cause of action is stated. The court will not ordinarily go beyond this inquiry, or at-

tempt to pass upon the question whether recovery may or may not be had upon all the different theories to which the facts pleaded may be susceptible. The court limits its inquiry to the question whether, upon any particular theory, a cause of action is stated. In the case at bar we held that the complaint stated a cause of action for the breach of an express contract. We did not consider the question whether plaintiff might or might not be entitled to recover upon some other theory. We make this addition to the opinion, to the end that there may be no misunderstanding of the former decision.

Application for rehearing denied.