ANTON J. KLEMIK and Another v. HENRICKSEN JEWELRY COMPANY and Others.[1]

July 11, 1913.

Nos. 18,095—(180).

**Omission of allegation — demurrer.**
    1. Failure to allege the incorporation and the corporate powers of de-

[1] Reported in 142 N. W. 871.

fendant company, in a suit upon contract, is not ground for demurrer; neither is the failure to allege that plaintiffs were copartners at the time of suit although they acquired the cause of action as copartners.

**Action — joinder of causes.**

2. A complaint alleging that three defendants contracted to pay a debt of plaintiff to a third party, which also alleges that one of the defendants had previously contracted to make such payment and had failed to do so, does not improperly unite two causes of action.

Action in the district court for St. Louis county to recover $1,-521.77. From an order overruling separate demurrers to the complaint, defendants appealed. Affirmed.

*R. R. Briggs,* for appellants.

*Courtney & Courtney,* for respondents.

TAYLOR, C.

Defendants appeal from an order overruling demurrers to the complaint. The demurrers assign as grounds therefor that the complaint does not state facts sufficient to constitute a cause of action, and that several causes of action are improperly united.

The complaint contains allegations to the purport following:

That, on and prior to April 1, 1910, plaintiffs were copartners engaged in the retail jewelry business; that they were indebted to L. Gutman & Sons for jewelry purchased; that defendant company, at all the times mentioned, was a corporation, existing under the laws of the state of Maine, and engaged principally in the wholesale and retail jewelry business; that the individual defendants are officers of defendant company; that on April 1, 1910, plaintiffs sold to defendant company a four-fifths interest in their firm and the property thereof, and said defendant as consideration therefor, among other things, agreed in writing to pay said debt to L. Gutman & Sons; that on April 30, 1910, said defendant represented that it had discharged and satisfied said debt, and relying thereon plaintiffs admitted it into plaintiffs' firm with a four-fifths interest therein; that said defendant in fact did not pay or satisfy said debt; that on November 23, 1910, plaintiffs sold the one-fifth interest in the firm, still owned by them, to defendant A. L. Henricksen, and, as a condition precedent to the

delivery thereof, all three defendants jointly and severally agreed in writing to pay said debt to Gutman & Sons in full forthwith, and to save plaintiffs harmless from any and all liability growing out of such indebtedness; that defendants have disposed of and converted to their own use all the property received from plaintiffs, but fail and refuse to pay any part of said debt; and that said L. Gutman & Sons have brought suit against plaintiffs to recover said debt and have subjected plaintiffs to costs and expenses by reason thereof.

The demurrer admits all facts well pleaded and all legitimate inferences therefrom. If the complaint present facts sufficient to justify a recovery, to any extent, upon any reasonable theory, it will be sustained as against a demurrer. Casey v. American Bridge Co. 95 Minn. 11, 103 N. W. 623, 624; Wessel v. Wessel Mnfg. Co. 106 Minn. 66, 118 N. W. 157; Vukelis v. Virginia Lumber Co. 107 Minn. 68, 119 N. W. 509; Rasmussen v. Town of Hutchinson, 111 Minn. 457, 127 N. W. 182.

The objections to the complaint urged by appellant are: That it does not properly allege the incorporation of defendant company; that it does not allege that plaintiffs were copartners when the suit was brought; that a cause of action against defendant company on the contract made in April is improperly united with a cause of action against all three defendants on the contract made in November; and that there is no allegation that the laws of Maine authorized defendant company to make the contracts in question.

It was not necessary to allege the incorporation of defendant company. Holden v. Great Western El. Co. 69 Minn. 527, 72 N. W. 805, 65 Am. St. 585; Hollister v. United States F. & G. Co. 84 Minn. 251, 87 N. W. 776.

Neither was it necessary to allege that the plaintiffs were copartners at the time of bringing suit. It appears that they were the owners of the cause of action upon which the suit was brought, and, for the purposes of this case, it is immaterial whether they held it as copartners or otherwise.

The complaint alleges that in November all three defendants jointly and severally contracted to pay the debt due the Gutmans and to save plaintiffs harmless from any liability growing out of such debt. The

fact that the complaint also charges that defendant company had previously contracted to pay the same debt and had failed to do so is not the stating of a separate cause of action. Recovery is sought only upon the last contract. As against a demurrer, the complaint states a cause of action upon that contract for at least nominal damages. Merriam v. Pine City Lumber Co. 23 Minn. 314.

Neither is the complaint demurrable for failing to state that the laws of Maine authorized defendant company to make the contract in question. It would be an anomaly to hold that the complaint need not show that defendant company is a corporation, and, at the same time, require it to show that corporate powers had been conferred upon the company.

The company is engaged in trade and, in the absence of any showing to the contrary, will be presumed, at least as against a demurrer, to have authority to make such contracts as are ordinarily incident to that business. Even if it had no such authority, it could not retain the consideration received under the contract, and also escape all liability on the ground that the contract was ultra vires.

Order affirmed.