## BARTON v. OKLAHOMA, K. & M. RY. CO.

No 15675—Opinion Filed Nov. 3. 1925.

Rehearing Denied Feb. 2, 1926.

### 1. Appeal and Error—Evidence to Sustain Verdict—Review.

The judgment of the trial court, based on the verdict of the jury, will not be reversed by this court where there is any evidence reasonably tending to support the same.

### 2. Disposition of Cause.

Under said rule, the record being without prejudicial error otherwise, the judgment is affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Simon P. Barton against Oklahoma, Kansas & Missouri Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Shannon & Shannon, for plaintiff in error.

Ray McNaughton, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. This is plaintiff's second appeal of this case. Plaintiff had judgment against the railway company for damages to his team, wagon and harness, but no damages for his alleged personal injuries, from which he first appealed (96 Okla. 119, 220 Pac. 929). In the instant case, plaintiff was denied recovery. All of plaintiff's alleged injuries occurred while he was in the employ of Joplin Supply Company, and his personal injuries were compensable under the Workmen's Compensation Act. With his wagon loaded with a section of ready-made flooring plaintiff, at the direction of his said employer, had driven upon the track of defendant railway, where his wagon was struck by an electric car of defendant, causing his damages. Prior to said first appeal, the trial court held, as matter of law, under section 7302,

C. O. S. 1921, that plaintiff had elected to prosecute his claim before the State Industrial Commission for his personal injuries. He had, in fact, made an application and had been awarded $10 per week by the commission. He caused this award to be set aside before bringing this action against the railway company. In said first appeal, this court held that whether plaintiff had knowledge of his right, either to claim under said act against his said employer, or to pursue his common-law action herein against the railway company, not in the same employ, was a question of fact for the jury, under the record, and not one of law for the court; reversing the judgment, and remanding cause for a new trial accordingly. In the instant case, the court accordingly instructed the jury to find under the evidence whether plaintiff had elected to take compensation from the employer, the Joplin Supply Company, under said act, or by civil action against defendant herein; and also whether, with full knowledge of his right so to elect, plaintiff had filed his application before the commission. This instruction is in substantial accord with said former decision in this case. The general verdict of the jury was against plaintiff on this issue, and, in addition thereto, the court, on request of defendant, propounded a special interrogatory to the same effect, to the jury. The jury also answered such interrogatory in the affirmative, being against the plaintiff.

The first error assigned is that there is no evidence upon which to base said instruction and said answer to the interrogatory. Prior to the filing of his claim before the commission, plaintiff was solicited, or at least seen, by certain lawyers seeking employment to redress his wrongs. Plaintiff, admitting that he heard these lawyers talking, testified:

"Q. And they was trying to get you to bring a suit against the railroad, was they? A. Well, said they wanted to, would take it—that is about the way of it".

The verdict and judgment in this behalf are reasonably supported by the above and other testimony, tending to show that plaintiff had knowledge of his right so to elect his forum. Under the well-known rule of this court, the verdict in this behalf cannot be disturbed, and such contention is without merit.

Plaintiff next complains of error in the instructions, in that they are inconsistent and place too great a burden upon plaintiff with reference to contributory negligence.

The jury also found, in answer to special interrogatories, that plaintiff's wrongful going upon the track was the proximate cause of his injuries, and that plaintiff, by the use of ordinary care, after he discovered his peril, could have escaped personal injury. The contentions are untenable. We do not deem it necessary to dispose of same in detail. The instructions, taken as a whole, fairly submitted the cause to the jury on behalf of plaintiff. Plaintiff cannot be permitted, under well-known rules, to single out given instructions and enter such complaints, failing to consider the instructions as a whole. Under his numerous admissions on vital questions, the jury was justified in finding against plaintiff.

Let the judgment be affirmed.

By the Court. It is so ordered.

Note.—See under (1) 4 C. J. p. 853; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 1129, § 3122.