# EDWARD UOTILA v. OLIVER IRON MINING COMPANY.[1]

January 15, 1926.

No. 24,941.

**After obtaining compensation for injury from his employer plaintiff could not sue defendant at law.**

Defendant operated the Missabe Mountain iron mine and the Minnewas mine which are about three-fourths of a mile apart. It contracted with a third party to construct a conduit to carry water from a tank at the Missabe mine to a tank at the Minnewas mine. Plaintiff, an employe of the contractor, while engaged in this work on the premises pertaining to the Missabe mine was injured by defendant's negligence. He claimed and obtained compensation from his employer under the Workmen's Compensation Act, and then sued defendant at law. *Held* that defendant and the contractor were engaged in the accomplishment of related purposes within the meaning of G. S. 1923, § 4291, and that plaintiff could not maintain the action.

Workmen's Compensation Acts, C. J. p. 140 n. 93.

Action in the district court for St. Louis county to recover for personal injuries. Plaintiff appealed from an order, Freeman, J., directing the entry of judgment upon the pleadings in favor of defendant. Affirmed.

*Victor E. Essling* and *Boyle & Montague,* for appellant.

*Dennis F. Donovan,* for respondent.

TAYLOR, C.

The trial court granted judgment on the pleadings in favor of defendant and plaintiff appealed.

The defendant is engaged in operating the Missabe Mountain iron mine and in connection with that mine owns and operates a steam railway. It is also egaged in operating the Minnewas mine located about three-fourths of a mile from the Mountain iron mine. In October, 1923, defendant let a contract to Chris Christopherson to construct a ditch and water line across and along defendant's rail-

[1]Reported in 206 N. W. 937.

way track from a water tank which it maintained at the Mountain iron mine to a storage tank near the Minnewas mine for the purpose of supplying water to the engines and steam shovels used in operating that mine. This ditch crossed the railway track a short distance from the Mountain iron mine. Plaintiff was employed by Christopherson as a common laborer and, while engaged in digging the ditch across the railway track, was struck and injured by a train of defendant's dump cars operated in connection with the Mountain iron mine. Plaintiff made a settlement with Christopherson, his employer, under the Workmen's Compensation Act, by the terms of which he is receiving the compensation provided for by that act. Subsequently he brought this action at law to recover damages from defendant, alleging that the accident resulted from defendant's negligence. It is alleged and admitted that plaintiff, Christopherson and defendant were all under and subject to the Workmen's Compensation Law; also that Christopherson was an independent contractor. The motion for judgment was granted on the ground that the admitted facts bring the case within the provision of section 31 of the compensation act. (G. S. 1923, § 4291).

Subdivision 1 of this section provides:

"Where an injury  *  *  *  for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe  *  *  *  may, at his  *  *  *  option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both.

"If the employe  *  *  *  shall elect to receive compensation from the employer, then the latter shall be subrogated to the right of the employe  *  *  *  to recover against such other party,  *  *  *

*"The provisions of subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in further-*

*ance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."*

The provision which we have italicised was added as an amendment to subdivision 1 by chapter 279, p. 374, of the Laws of 1923. It is conceded that defendant would have been within the protection of the statute as it existed prior to this amendment, and the question presented is whether the facts bring it within the statute as limited by this amendment. With commendable industry, the attorneys have searched the authorities and the various compensation laws with the result that they find no similar provision in the compensation law of any other state and of course no decisions construing any similar provision.

Prior to the amendment, a third party, who was an employer of labor and as such was subject to part 2 of the statute, was within the protection of this section where the injury resulted from a negligent act committed in carrying on the business in which he employed such labor or in the furtherance of such business. Mathison v. M. St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565; Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726. But was not within the protection of this section where the negligent act had no relation to or connection with such business. Hade v. Simmons, 132 Minn. 344, 157 N. W. 506; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694. Under the amendment such third party is not within the protection of this section, unless he and the employer of the injured workman were engaged "(a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof."

The learned trial court held that the facts of the present case brought the defendant within this section as amended, and we concur in that conclusion. Defendant operated both mines. While it had a separate crew and separate machinery for taking the ore from each, both were under the same general superintendent, and both

were operated in the same manner and for the same purpose and for the benefit of the same party. Both were open pit mines and water was necessary in operating them. Defendant had a source of supply at one mine and contracted with Christopherson, plaintiff's employer, to construct a conduit to carry water from this source of supply to the other mine for use in carrying on the work at that mine.

Plaintiff urges that defendant is not within the statute because the work was being done to furnish water to the Minnewas mine and the accident occurred through the negligence of defendant's employes at the Missabe mine. We are unable to sustain his contention. We think that defendant and Christopherson were engaged in the accomplishment of "related purposes" within the meaning of the statute, and it follows that plaintiff cannot maintain this action for damages after claiming and recovering compensation from his employer under the Workmen's Compensation Law.

Judgment affirmed.