## ADOLPH OLSON v. HERMAN THIEDE.[1]

May 10, 1929.

No. 27,233.

[1]Reported in 225 N. W. 391.

*George G. Chapin* and *Conrad Olson*, for appellant.
*Kenny & Gardner*, for respondent.

TAYLOR, C.

Plaintiff brought an action at law for damages for personal injuries, and appeals from an order sustaining a demurrer to his complaint.

The complaint contains allegations to the effect that defendant conducts a store and a lumber yard, and sells merchandise, lumber and contractors' supplies; that he is also engaged in the purchase, repair and rental of houses; that in 1924 he purchased a duplex house in the name of his son-in-law and arranged with one Edwards to hire carpenters and make repairs thereon; that being a dealer in such material he furnished all material for the repairs, including the material for a scaffold to be used by the workmen in making the repairs; that Edwards under his direction and supervision constructed the scaffold of the materials so furnished; that plaintiff was hired by Edwards to assist in making the repairs; that while plaintiff was upon the scaffold at work it broke causing him to fall and sustain the injuries for which he seeks to recover; that the scaffold broke because the material of which it was constructed was decayed and defective; that plaintiff made an application to the industrial commission to be awarded compensation against defendant and his insurer under the workmen's compensation law; that the application was denied for the reason that plaintiff was not an

employe of defendant; that thereafter plaintiff made an application for compensation against Edwards; that this application was granted and compensation awarded; that in September, 1927, plaintiff filed a certified copy of the order of the industrial commission with the clerk of the court, and in November, 1927, judgment was entered thereon against Edwards in the sum of $4,469.80 for compensation then accrued; that an execution was issued on the judgment and was returned wholly unsatisfied; and that shortly thereafter Edwards was adjudged a bankrupt and has no assets.

G. S. 1923 (1 Mason, 1927) § 4291(1), provides:

"Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both. *  *  *

"The provisions of subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

Plaintiff proceeded under the act against Edwards, his employer, and was awarded compensation. Later he applied to the district court and obtained a judgment against Edwards for the amount of compensation which had then accrued. He urges that, as his judgment for compensation is uncollectible, he ought to be allowed to proceed against defendant for damages. The statute provided that he could proceed either against the employer for compensation, or against the third party for damages, "but not against both." The statute contains no language which can be construed as permitting him to establish a right to one remedy and then to pursue the other,

if unable to collect the amount awarded under the first. Having elected to proceed under the statute against his employer, he could not thereafter bring an action at law for damages against defendant, if defendant was within the protection of the statute. Behr v. Soth, 170 Minn. 278, 212 N. W. 461; Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937; Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20.

Plaintiff argues that the complaint fails to show that defendant was subject to part 2 of the compensation act for the reason that it contains no direct allegation that he employed others for hire. Although the complaint does not directly allege that defendant was an employer of labor, it appears therefrom that he operated both a store and a lumber yard and sold merchandise, paints, lumber and contractors' supplies, and that he was also engaged in buying, repairing and renting houses. It further appears therefrom that plaintiff instituted a proceeding before the industrial commission under the compensation act for an award of compensation against both defendant and his insurer, and that plaintiff failed to establish his claim, not because defendant was not within the statute, but because plaintiff was employed by an independent contractor and not by defendant. It is obvious that defendant required employes in order to carry on his various business enterprises, and also that he would not carry insurance to cover the liability to employes imposed by the compensation act unless he had employes. In the proceeding before the commission under the compensation act, set forth in the complaint, plaintiff necessarily asserted that defendant was within the act, and that such was the fact does not appear to have been questioned by anyone.

In Vukelis v. Virginia Lbr. Co. 107 Minn. 68, 70, 119 N. W. 509, the complaint failed to state the essential fact that plaintiff was in the employ of defendant. The court held the complaint sufficient, saying:

"The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated."

In First Nat. Bank v. Corporation Sec. Co. 120 Minn. 105, 107, 139 .N. W. 296, the· complaint alleged that defendant agreed to buy certain stock from one Bradford but did not allege that Bradford agreed to sell.   The court remarked that the complaint was technically defective, but, after quoting the rule from the Vukelis case, 107 Minn. 68, 119 N. W. 509, said that, "the natural inference from this allegation is that Bradford at the same time agreed to sell."

In Harriet State Bank v. Samels, 164 Minn. 265, 273, 204 N. W. 938, 941, it is said:

"A demurrer admits all material facts well pleaded, all the inferences of fact which may fairly be made therefrom, and all necessary legal inferences which arise from the facts pleaded."

Other citations will be found in 5 Dunnell, Minn. Dig. (2 ed.) § 7542.   We think it may legitimately be inferred from the allegations of the complaint that defendant was subject to part 2 of the compensation act.

Although defendant was subject to part 2 of the act, he was not within the protection of § 4291, above quoted, unless he and plaintiff's employer were engaged

"(a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof."

While plaintiff raises the question, he makes no serious claim that defendant was not within this requirement.   We think the facts clearly show that defendant and the employer were engaged in furtherance of a common enterprise or in the accomplishment of related purposes within the meaning of this provision.   Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937; Behr v. Soth, 170 Minn. 278, 212 N. W. 461.

Defendant contends that the facts ·stated in the complaint are not sufficient to constitute a cause of action at law against him, as he did not build the scaffold, as the defects in the lumber were not hidden and were readily discoverable by those who built the scaffold, and as plaintiff was not a party to the contract under which the

lumber was furnished. But we have no occasion to consider this question as the conclusion reached upon the other is decisive of the case.

The section of the statute from which we have previously quoted also provides that if the employe shall elect to receive compensation from the employer the latter shall be subrogated to the rights of the employe against the third party. Plaintiff suggests that as his employer has failed to pay and is bankrupt he is not entitled to the benefit of this right of subrogation, and that it ought to inure to plaintiff's benefit. That question is not presented in this case and therefore cannot be considered.

The order is affirmed.

