# GUST B. OTT v. ST. PAUL UNION STOCKYARDS.[1]

October 18, 1929.

No. 27,405.

*Willard Converse,* for appellant.
*Barrows & Stewart,* for respondent.

STONE, J.

Action for personal injuries wherein plaintiff appeals from a judgment for defendant entered on the pleadings.

In February, 1925, while plaintiff was an employe of the Standard Cattle Company, a "market agency" operating on the premises of defendant at South St. Paul, he was injured by a large icicle falling

[1]Reported in 227 N. W. 47.

from a water tank owned by defendant. Plaintiff first sought to recover from his employer under the workmen's compensation act. He was denied such recovery by the decision of the industrial commission, affirmed here (Ott v. Standard Cattle Co. 170 Minn. 410, 212 N. W. 813) upon the ground that he had not suffered any compensable disability. Thereafter he commenced this action. The pleadings show his unsuccessful effort to recover compensation from his employer and establish that at the time of the injury plaintiff, the Standard Cattle Company, his employer, and the defendant were all subject to the workmen's compensation statute. Judgment was ordered against plaintiff because his proceeding to secure compensation was, under the statute, an election of remedies which bars the present action.

■ The provision of the compensation act [G. S. 1923 (1 Mason, 1927) § 4291] so invoked reads thus:

"Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both. * * * The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

The statute is explicit in its declaration that in such a case as this the employe may at his option proceed either at law against the party responsible for the injury because of his negligence or against the employer for compensation "but not against both." It is therefore not quite a case of an ordinary election of remedies but

one where the election was made under the mandate of a statute to the effect that, having proceeded against one of the parties, the employe may not proceed against the other. Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937; Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; Behr v. Soth, 170 Minn. 278, 212 N. W. 461. Plaintiff's endeavor to procure compensation did not go off on any preliminary or technical point but went to a determination on the merits. So we see no escape from the conclusion that plaintiff cannot now proceed against defendant. The statute is not that the injured employe may not recover against both his employer for compensation and against the third party for damages, but rather that he may not proceed against both. Olson v. Thiede, 177 Minn. 410, 225 N. W. 391. We need not consider what the result might have been had plaintiff's proceeding for compensation been dismissed on his own motion or otherwise terminated short of decision on the merits.

By reply plaintiff alleges that at all times during the pendency of the proceeding for compensation "he was of the opinion and belief that he had two remedies and that he could pursue either or both of them, that is, that he had a right to claim compensation from his employer, * * * and to institute and to pursue legal proceedings" for damages from defendant; that it was not until much later that he "learned for the first time that under the law he was required to make an election between the two remedies;" and that "no one has been injured or prejudiced by reason of the fact that he did so proceed against the Standard Cattle Company."

Without now considering the merit otherwise of the equities so alleged by plaintiff, we are required to hold, in order to give the statute its intended effect, that they do not help him here. The statute is explicit and without exception. The proceeding for compensation having gone to decision on the merits, we are not at liberty to relieve plaintiff from the result because alone of his ignorance of the law which imposed upon him the necessity for an election.

Attentive examination of the cases relied upon by appellant discloses nothing much in favor of the opposite result. The point was not involved in Behr v. Soth, 170 Minn. 278, 212 N. W. 461. In Miller v. New York Rys. Co. 171 App. Div. 316, 157 N. Y. S. 200, and Godfrey v. Brooklyn Edison Co. 187 N. Y. S. 263, actual receipt or "awarding of compensation" was held the act operating as an election by the employe. In Gordon v. Amoskeag Mfg. Co. (N. H.) 140 A. 704, it was the actual receipt of compensation which constituted the election. In Noble Drilling Co. v. Murphy, 131 Okl. 34, 267 P. 659, a suit at law which had been dismissed for lack of witnesses was held not an election. In Barton v. Oklahoma, K. & M. Ry. Co. 96 Okl. 119, 220 P. 929, there was no statute and no rule of the state industrial commission defining what would constitute an election. Incidentally the commission, although it had made an award to the employe upon his application, ordered that it should be set aside so that he might be permitted to proceed at law against the third party. When this case went back for retrial a jury found against the employe on the issue of election, and their finding was sustained on appeal. Barton v. Oklahoma, K. & M. Ry. Co. 116 Okl. 62, 243 P. 172.

Judgment affirmed.