# EDWARD EGAN v. E. A. BROWN COMPANY.[1]

January 4, 1935.

No. 29,955.

*Cashel & Cranston,* for appellant.

*John Flynn* and *Canfield & Michael,* for respondent.

LORING, JUSTICE.

In a suit to recover damages for personal injuries the plaintiff had a verdict and has appealed to this court from an order granting defendant's motion for judgment notwithstanding the verdict.

[1]Reported in 258 N. W. 161.

166

In the summer and early fall of 1931 plaintiff was employed by his son, Elmer Egan, as a farm laborer upon the latter's farms in Iowa and Minnesota. Elmer exchanged work with other farmers during the threshing season of that year. The plaintiff was injured at the defendant's elevator while hauling grain from a farm owned by Henry Stubbe, where plaintiff was sent by Elmer to repay Stubbe for work which he had done for Elmer. The defendant's elevator is in Ellsworth, Minnesota. Elmer had a compensation insurance policy to protect him from liability against the obligations imposed by the Minnesota workmen's compensation act, and with the plaintiff's assent and approval Elmer made application for compensation under this policy for Edward as his employe. He received payments aggregating $150.48 under the compensation act and signed a final receipt therefor. Later he made an application for further compensation. The defendant also carried compensation insurance and was subject to part 2 of the Minnesota workmen's compensation act.

1 Mason Minn. St. 1927, § 4291, provides that an employe subject to part 2 of the act who is injured by a third party may proceed either at law against the third party to recover damages or against his employer for compensation, but not against both if the third person is also subject to part 2 and engaged with the employer in the accomplishment of the same or related purposes on the premises where the injury was received.*

---

*1 Mason Minn. St. 1927, § 4291, provides in part:

"(1) Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, * * * may, at his * * * option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both. * * *

"The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

These provisions are peculiar to the Minnesota workmen's compensation act and do not appear in the laws of other states. Under the circumstances as shown by the record, we are convinced that the defendant and plaintiff's employer were engaged in the accomplishment of the same or related purposes on the premises where the injury was received and that if plaintiff's employer was subject to part 2 of the Minnesota workmen's compensation act, to which the defendant was also subject, the provisions of 1 Mason Minn. St. 1927, § 4291, to which we have referred are applicable, and the plaintiff, having proceeded against his employer, cannot recover from defendant. Uotila v. Oliver I. Min. Co. 165 Minn. 475, 206 N. W. 937; Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20; Behr v. Soth, 170 Minn. 278, 212 N. W. 461; Olson v. Thiede, 177 Minn. 410, 225 N. W. 391; McGrath v. N. W. Trust Co. 178 Minn. 47, 225 N. W. 901; Ott v. St. Paul Union Stockyards, 178 Minn. 313, 227 N. W. 47.

Plaintiff claims, however, that he was in reality not an employe of Elmer Egan but was in fact employed by Stubbe, who was not subject to the workmen's compensation act, and hence that § 4291 does not apply. We do not think that the plaintiff is in a position to make such claim or to contend that Elmer Egan had not properly brought himself within the coverage of the compensation act. Plaintiff applied for and received benefits under part 2 of the workmen's compensation act. He did so as the employe of Elmer Egan. He received compensation and executed final receipt thereunder and again applied for further compensation. He is therefore not now in a position to claim that he was Stubbe's employe.

The trial court was right in granting judgment notwithstanding the verdict, and the order appealed from is affirmed.